ACCEPTED
04-15-00120-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/12/2015 4:36:22 PM
KEITH HOTTLE
CLERK

NO. 04-15-00120-CV

_____

IN THE FOURTH COURT OF APPEALS
OF THE STATE OF TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/12/2015 4:36:22 PM
KEITH E. HOTTLE
Clerk

_____

UNIVERSITY OF THE INCARNATE WORD,

Defendant – Appellant,

V.

VALERIE REDUS, ET AL.,

Plaintiffs – Appellees.

_____

APPEAL FROM 150TH JUDICIAL DISTRICT COURT
OF BEXAR COUNTY, TEXAS

_____

APPELLANT'S REPLY

_____

Laurence S. Kurth
State Bar No. 11768450

Matthew F. Wymer
State Bar No. 24005234

BEIRNE, MAYNARD & PARSONS, L.L.P.
112 East Pecan Street, Suite 2750
San Antonio, TX  78205
(210) 582-0220 - Telephone
(210) 582-0231 – Facsimile
E-mail – lkurth@bmpllp.com
E-mail – mwymer@bmpllp.com

Attorneys for Defendant/Appellant
University of the Incarnate Word

***ORAL ARGUMENT REQUESTED***

# IDENTITY OF PARTIES AND COUNSEL

The names of the parties to the trial court's judgment and the names and addresses of their attorneys are as follows:

1.  Defendant – Appellant
    University of the Incarnate Word

2.  Counsel for Defendant – Appellant
    University of the Incarnate Word

    Laurence S. Kurth
    State Bar No. 11768450
    Matthew F. Wymer
    State Bar No. 24005234
    BEIRNE, MAYNARD & PARSONS, L.L.P.
    112 East Pecan Street, Suite 2750
    San Antonio, TX 78205
    (210) 582-0220 – Telephone
    (210) 582-0231 – Facsimile
    E-mail – lkurth@bmpllp.com
    E-mail – mwymer@bmpllp.com

3.  Defendant
    Cpl. Christopher Carter

4.  Counsel for Defendant
    Cpl. Christopher Carter

    Robert A. Valadez
    Javier T. Duran
    SHELTON & VALADEZ
    600 Navarro Street, Suite 500
    San Antonio, TX 78205
    rvaladez@shelton-valadez.com
    jduran@shelton-valadez.com

5.    Plaintiffs – Appellees
      Valerie Redus, Individually, Robert M. Redus, Individually, and as
      Administrator of the Estate of Cameron Redus

6.    Counsel for Plaintiffs – Appellees
      Brent C. Perry
      State Bar No. 15799650
      Law Office of Brent C. Perry, PC
      800 Commerce Street
      Houston, TX  77002
      E-mail – brentperry@brentperrylaw.com

      Mason W. Herring
      State Bar No. 24071746
      Herring Law Firm
      4640 Banning Drive
      Houston, TX  77027
      E-mail – mherring@herringlawfirm.com

      Jorge A. Herrera
      State Bar No. 24044242
      Herrera Law Firm
      111 Soledad, Suite 1900
      San Antonio, TX  78205
      E-mail – jherrera@herreralaw.com

7.    Trial Judge
      Honorable Cathy Stryker
      224th Civil District Court
      of Bexar County, Texas

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................................i

INDEX OF AUTHORITIES...........................................................................................v

REPLY ......................................................................................................................2

    A.    Plaintiffs' Amended Petition was filed after the perfection of this Appeal in violation of the automatic stay and is of no effect in this Appeal .....2

    B.    The Supreme Court in *Rice University v. Refaey* holds a private university commissioned police officer is an "*officer ... of the state*" ...................6

    C.    UIW is not a private contractor; private university police departments save state and local governments money; enforcement of State law by a peace officer is conduct "effectively attributed to the government." ....9

    D.    The various cases cited by Plaintiffs do not support their argument that UIW is not a "governmental unit" ......................................................13

        1.    *Klein v. Hernandez*: the legal status and authority of the employer results in a finding establishing the immunity of the employee; *Rice University v. Refaey*: legal status and authority of officer *employee* establishes the status and authority *employer*............13

        2.    *Critical Air Medicine, Inc. v. Shepard*: Critical Air Inc. did not have any statute conveying any status or authority on the private company; Critical Air Inc. employees were not "officer[s] . . . of the state."...............................................................................16

        3.    Other cases cited by Plaintffs fail to support any relevant arguments in this matter. ............................................................17

    E.    Lawyers and barbers are not officers of the state, they have no duty to preserve the peace, and they do not have to be commissioned or employed by any approved agency to practice ...................................18

    F.    A private citizen making a citizen's arrest has no duty to do so, and is further not "vested with all the powers, privileges, and immunities of peace officers." ...........................................................................22

G.  Plaintiffs cannot pursue negligence claims against a governmental unit arising out of the same facts as an intentional tort..............................24

PRAYER.................................................................................................................29

CERTIFICATE OF COMPLIANCE WITH RULE 9.4 ...........................................................30

CERTIFICATE OF SERVICE......................................................................................31

# INDEX OF AUTHORITIES

**CASES**

*Brown & Gay Eng'g, Inc. v. Olivares*,
  58 Tex. Sup. Ct. J. 678, 2015 Tex. LEXIS 341 (Tex. 2015) ...............9, 10, 12, 13

*Burrhus v. M & S Mach. & Supply Co., Inc.*,
  897 S.W.2d 871 (Tex. App.—San Antonio 1995, no writ) ...................................5

*Cantu Services, Inc. v. United Freedom Associates, Inc.*,
  329 S.W.3d 58 (Tex. App. — El Paso 2010, no pet.)..........................................18

*Cherqui v. Westheimer St. Festival Corp.*,
  116 S.W.3d 337 (Tex. App.—Houston [14th Dist.] 2003, no pet.)......................11

*City of Garland v. Rivera*,
  146 S.W.3d 334 (Tex. App.—Dallas 2004, no pet.) ...........................................27

*City of Houston v. Swinerton Builders, Inc.*,
  233 S.W.3d 4 (Tex. App.—Houston [1st Dist.] 2007, no pet.) .........................2, 4

*City of Laredo v. Nuno*,
  94 S.W.3d 786 (Tex. App.—San Antonio 2002, no pet.)....................................28

*City of San Antonio v. Dunn*,
  796 S.W.2d 258 (Tex. App.—San Antonio 1990, writ denied...........................28

*City of San Augustine, v. Parrish*,
  10 S.W.3d 734 (Tex. App.—Tyler 1999, pet. dism'd w.o.j.)...............................25

*City of Waco v. Williams*,
  209 S.W.3d 216 (Tex. App.—Waco 2006, pet. denied).....................................27

*Critical Air Medicine, Inc. v. Shepard*,
  2005 Tex. App. LEXIS 10854 (Tex. App.—San Antonio 2005, no pet.) ......16, 17

*Cunningham v. State*,
  2004 WL 2803220 (Tex. App.—San Antonio Dec. 8, 2004, no pet.).................23

*Ex parte Williams*,
  31 Tex. Crim. 262, 20 S.W. 580 (Tex. Crim. App. 1892)...................................21

*Hanzal v. City of San Antonio*,
   221 S.W. 237 (Tex. Civ. App.—San Antonio 1920, writ ref'd) .....................20, 21

*Harris County, TX v. Cabazos*,
   177 S.W.3d 105 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ........................27

*In Re I-10 Colony, Inc.*,
   2015 Tex. App. LEXIS 1733 (Tex. App.—Houston [1st Dist.]
   Feb. 24, 2015, no pet.) ...................................................................................3

*In re Bliss & Glennon, Inc.*,
   22014 WL 50831 (Tex. App.—Houston [1st Dist.] Jan. 7, 2014, no pet.).............3

*In re Texas Educ. Agency*,
   441 S.W.3d 747 (Tex. App.—Austin 2014, no pet.) ........................................3, 4

*Klein v. Hernandez*,
   315 S.W.3d 1 (Tex. 2010) ..................................................................13, 14, 15

*Lee-Hickman's Investments v. Alpha Invesco Corp.*,
   139 S.W.3d 698 (Tex. App.—Corpus Christi 2004, no pet.) ...............................4

*LTTS Charter Sch., Inc. v. C2 Constr., Inc.*,
   342 S.W.3d 73 (Tex. 2011) .................................................................................2

*Medrano v. City of Pearsall*,
   989 S.W.2d 141 (Tex. App.—San Antonio 1999, no pet.)................................28

*Miles v. State*,
   241 S.W.3d 28 (Tex. Crim. App. 2007) ........................................................23, 24

*Mobil Oil Corp. v. Shores*,
   128 S.W.3d 718 (Tex. App.—Fort Worth 2004, no pet.)..............................17, 18

*Morgan v. City of Alvin*,
   175 S.W.3d 408 (Tex. App.—Houston [1st Dist.] 2004, no pet.) .......................27

*Quaestor Investments, Inc. v. State of Chiapas*,
   997 S.W.2d 226 (Tex. 1999) ...............................................................................5

*Sheinfeld, Maley & Kay, P.C. v. Bellush*,
   61 S.W.3d 437 (Tex. App.—San Antonio 2001, no pet.)................................3, 4

*Texas Dept. of Pub. Safety v. Petta*,
  44 S.W.3d 575 (Tex. 2001) ....................................................................25, 27

*Texas Dept. of Pub. Safety v. Rodriguez*,
  344 S.W.3d 483 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ........................24

*Turner v. State*,
  901 S.W.2d 767 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd)...................23

*Univ. of Tex. Health Sci. Ctr. at Houston v. DeSoto*,
  401 S.W.3d 319 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ...............26

*William Marsh Rice Univ. v. Rafaey*,
  417 S.W.3d 667 (Tex. App.—Houston [14th Dist.] 2013)........................7, 8, 9, 13

*William Marsh Rice Univ. v. Refaey*,
  2015 Tex. LEXIS 351 ................................................................................passim

*Young v. City of Dimmitt*,
  787 S.W.2d 50 (Tex. 1990) ....................................................................25, 26

## STATUTES

TEX. CIV. PRAC. & REM. CODE § 15.003(c) .............................................................18

TEX. CIV. PRAC. & REM. CODE § 51.014 ........................................................passim

TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5)..................................................passim

TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8)..................................................2, 6, 18

TEX. CIV. PRAC. & REM. CODE § 51.014(b) .......................................................2, 3, 4, 5

TEX. CIV. PRAC. & REM. CODE § 51.014(c)(2)(A) ....................................................4

TEX. CIV. PRAC. & REM. CODE § 101.001-.109.......................................................21

TEX. CIV. PRAC. & REM. CODE § 101.001 .......................................................2, 9, 16

TEX. CIV. PRAC. & REM. CODE § 101.001(3) .............................................................2

TEX. CIV. PRAC. & REM. CODE § 101.021 ..............................................................26

TEX. CIV. PRAC. & REM. CODE § 101.057................................................................27

TEX. CIV. PRAC. & REM. CODE § 101.057(2) ......................................26, 27

TEX. CIV. PRAC. & REM. CODE § 104 ......................................15

TEX. CRIM. PROC. CODE art. 2.12 ......................................19, 20

TEX. CRIM. PROC. CODE art. 2.13 ......................................8, 13, 21, 23, 24

TEX. CRIM. PROC. CODE art. 14.01(a) ......................................23

TEX. CRIM. PROC. CODE art. 14.03(e) ......................................24

TEX. EDUC. CODE § 37.081 ......................................20

TEX. EDUC. CODE § 51.212 ......................................passim

TEX. EDUC. CODE § 51.212(a) ......................................8

TEX. EDUC. CODE § 51.212(c) ......................................8

TEX. EDUC. CODE § 51.212(b) ......................................8

TEX. GOV'T CODE § 82.021 ......................................21

TEX. GOV'T CODE § 495.005 ......................................10

TEX. OCC. CODE § 1701.001 ......................................19

TEX. OCC. CODE § 1701.151 ......................................20

TEX. PEN. CODE § 9.21 ......................................24

**REGULATIONS**

37 TEX. ADMIN. CODE 211.16......................................10, 11, 17

**OTHER**

TEX. CONST. art. XVI, § 1......................................8, 22

NO. 04-15-00120-CV

_____

IN THE FOURTH COURT OF APPEALS
OF THE STATE OF TEXAS

_____

UNIVERSITY OF THE INCARNATE WORD,
Defendant – Appellant,

V.

VALERIE REDUS, ET AL.,
Plaintiffs – Appellees.

_____

APPEAL FROM 150TH JUDICIAL DISTRICT COURT
OF BEXAR COUNTY, TEXAS

_____

APPELLANT'S REPLY

_____

TO THE HONORABLE COURT OF APPEALS:

Appellant, University of the Incarnate Word ("**UIW**"), Defendant in the underlying cause of action, tenders this Reply Brief to this honorable Court of Appeals demonstrating the rulings of the Court below *denying* Appellant's Plea to the Jurisdiction, and *denying* UIW's Motion to Dismiss the Suit against Cpl. Christopher Carter ("**Cpl. Carter**") were erroneous, and should be reversed.

In support thereof, UIW would show this Court:

1

**REPLY**

**A.** **Plaintiffs' Amended Petition was filed after the perfection of this Appeal in violation of the automatic stay[1] and is of no effect in this Appeal**

Plaintiffs rely on an Amended Petition that was filed almost two (2) weeks (13 days) after the perfection of this appeal in violation of the automatic stay – Plaintiffs have attached the improper Amended Petition to their Response. The Amended Petition is of no force or effect. *See City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 7 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("We conclude that section 51.014 … prevents Swinerton from amending its petition ….").

This Interlocutory Appeal was filed by UIW from the denial of its Plea to the Jurisdiction. Section 51.014(a)(8) of the Civil Practice and Remedies Code permits an appeal of an interlocutory order that "grants or denies a plea to the jurisdiction by a "Governmental Unit" as defined in Section 101.001." TEX. CIV. PRAC. & REM. CODE § 51.014; *see also LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 75 (Tex. 2011); TEX. CIV. PRAC. & REM. CODE § 101.001(3). When an Interlocutory Appeal is filed from the denial of a Plea to the Jurisdiction, there is an automatic stay in effect pursuant to Section 51.014(b). Notwithstanding the perfection of this Appeal, Plaintiffs have ignored and violated the automatic stay. On March 16, 2015, thirteen (13) days after the perfection of this Appeal, Plaintiffs filed a First Amended Petition

2

and Request for Findings of Fact and Conclusions of Law. On March 24, 2015, Judge Stryker denied Plaintiffs' Request.

Cases interpreting the stay refer to it as an "**automatic stay**" and indicate no required procedure to invoke it. *See In re I-10 Colony, Inc.*, 2015 Tex. App. LEXIS 1733, 3 (Tex. App.—Houston [1st Dist.] Feb. 24, 2015, no pet.) (Referring to the "**automatic stay**" of Texas Civil Practice & Remedies Code Section 51.014(b)); *In re Texas Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, no pet.) ("[a]utomatic stay.").

The stay is absolute and no proceedings go forward in the district court while the case remains on appeal. *In Re I-10 Colony, Inc.* 2015 Tex. App. LEXIS 1733, at 7; *In re Bliss & Glennon, Inc.*, 2014 WL 50831 (Tex. App.—Houston [1st Dist.] Jan. 7, 2014, no pet.); *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.) ("[T]he stay set forth in section 51.014 is statutory and allows no room for discretion.").

Plaintiffs fail to cite any authority, which allows them to file an Amended Petition after the perfection of an appeal and when the automatic stay is in effect. To the contrary, Texas Courts have found the following actions violate the automatic stay:

1. Entry of a discovery order is an abuse of discretion. *See In Re I-10 Colony, Inc.*, 2015 Tex. App. LEXIS 1733 (The trial court's entry

---

[1] The issue of this Court's automatic stay is the subject of a mandamus filed in this Court by UIW in cause no. 04-15-00242-CV.

3

of the written discovery order violated 51.014(b) and was a clear abuse of discretion.);

2. An amended petition filed during stay was "without force." *Swinerton Builders, Inc.*, 233 S.W.3d at 7;

3. Overruling Order denying Motion to Stay Trial. *Sheinfeld, Maley & Kay, P.C.*, 61 S.W.3d at 438;

4. "Conducting hearings and signing the challenged orders denying supersedeas was an abuse of the district court's discretion because it violated the automatic stay of 'all other proceedings in the trial court' under section 51.014(b)." *In re Texas Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, orig. proceeding);

5. "It was an abuse of discretion of the trial court to … rule on appellee's motion for summary judgment." *Lee-Hickman's Investments v. Alpha Invesco Corp.*, 139 S.W.3d 698, 702 (Tex. App.—Corpus Christi 2004, no pet.).

Alternatively, Plaintiffs have argued that the Plea to the Jurisdiction was not timely filed. TEX. CIV. PRAC. & REM. CODE § 51.014(c)(2)(A) ("… the 180th day after the date the defendant files … the original answer"). Regarding the period of time this matter was pending in state court, UIW's Original Answer was filed on June 2, 2014. CR 22. A Notice of Removal to the Western District of Texas was filed on June 5, 2014. CR 37. The Order remanding this matter to state court was entered on November 25, 2014. CR 381-402. UIW filed its Plea to the Jurisdiction of February 13, 2015. CR 125-356. The Court entered an Order Denying UIW's Plea to the Jurisdiction on March 2, 2015. CR 418. UIW filed a Notice of Appeal on March 3, 2015. CR 422. In the Notice of Appeal, UIW addressed the automatic stay in effect

4

pursuant to Texas Civil Practice and Remedies Code. *See* CR 419; TEX. CIV. PRAC. & REM. CODE § 51.014(b). This matter was in Federal Court a total of 173 days. There are 256 days from the date of UIW's Original Answer (June 2, 2014) to the date UIW's Plea to the Jurisdiction was filed (February 13, 2015). Accordingly, at the time UIW's Plea to the Jurisdiction was filed, this matter had been pending in the state district court only **83 days** (256-173=83). During the time this case was removed to Federal Court, the appellate deadlines were tolled.[2]

> In *Quaestor Invs., Inc. v. Chiapas*, the Texas Supreme Court held:

> > We are further persuaded that nothing more is required to recommence the appellate timetable than the state court's reacquiring jurisdiction over a case. **Just as the filing of the removal suspends the appellate timetable, the completed remand begins it again**.

*Quaestor Investments, Inc. v. State of Chiapas*, 997 S.W.2d 226, 229 (Tex. 1999) (emphasis added); *see also Burrhus v. M & S Mach. & Supply Co., Inc.*, 897 S.W.2d 871, 873 (Tex. App.—San Antonio 1995, no writ).

Therefore, Plaintiffs' Amended Petition filed (13) days after the perfection of this Appeal violates the automatic stay of this court and is of no effect in this case, or in the alternative, should be struck by the Court.

---

[2] The very first hearing state court in this case was UIW's Plea to the Jurisdiction. No depositions have been taken.

**B.** **The Supreme Court in *Rice University v. Refaey* holds a private university commissioned police officer is an "*officer … of the state*"**

On April 24, 2015, the Texas Supreme Court issued a *per curiam* opinion in *William Marsh Rice Univ. v. Refaey*, 2015 Tex. LEXIS 351, 11-12 (Tex. Apr. 24, 2015), holding: "we conclude that the "officer . . . of the state" language in section 51.014(a)(5) applies to private university peace officers." The *Rice* case appeared before the Fourteenth Court of Appeals by way of the denial of a Motion for Summary Judgment as provided by Texas Civil Practice and Remedies Code section 51.014(a)(5). This case, however, comes to this Court of Appeals from the denial of a Plea to the Jurisdiction, and under Texas Civil Practice and Remedies Code section 51.014(a)(8). Nonetheless, the holding in *Rice* that a private university employee is an "**officer or employee of the state**" entitled to immunity, adds further support to UIW's contention it is a "governmental unit" under the TTCA, and therefore entitled to bring this appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); *see also Rice*, 2015 Tex. LEXIS 351 at 11-12.

The evidence in *Rice* establishes Defendant William Marsh Rice University ("**Rice University**") police department on-duty, licensed, commissioned Texas peace officer Gary Spears ("**Officer Spears**") attempted to stop the driver of a suspicious vehicle near the Rice University campus. *Id.* at 1-2. The vehicle drove away when Officer Spears approached, so he followed the vehicle approximately two (2) miles

from the Rice campus, detained the driver, Plaintiff, Rasheed Refaey ("**Refaey**") at gunpoint, and arrested him for driving while intoxicated, obstructing a roadway, and evading arrest. *Id*. at 1-2. Refaey sued Officer Spears and Rice University for false imprisonment, negligence, gross negligence, assault, and intentional infliction of emotional distress, alleging the arrest and detention were unlawful. *Id*. at 2. Officer Spears and Rice University moved for summary judgment on the affirmative defense that Officer Spears was entitled to official immunity. *Id*. at 2. The trial court denied the motion, and Rice University filed an interlocutory appeal pursuant to Civil Practice and Remedies Code section 51.014(a)(5), which allows a person to appeal an interlocutory order of a district court that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5).

The Fourteenth Court of Appeals dismissed the appeal holding that it lacked jurisdiction because Officer Spears was not an "officer or employee of the state," which foreclosed the defendants' collective ability to pursue an interlocutory appeal. *See William Marsh Rice Univ. v. Rafaey*, 417 S.W.3d 667, 670-671 (Tex. App.— Houston [14th Dist.] 2013). Plaintiffs in this matter have relied heavily on this now reversed holding.

In reversing the Court of Appeals, the Supreme Court examined these elements:

7

We conclude that the "officer . . . of the state" language in section 51.014(a)(5) applies to private university peace officers. They are charged with enforcing state law on private university campuses and must take an oath of office to "faithfully execute the duties of the office of [peace officer] of the State of Texas." *See* TEX. CONST. art. XVI, § 1; TEX. EDUC. CODE § 51.212(a), (c). The Legislature conferred upon private university peace officers the authority to enforce state law and a duty to preserve the peace, which benefits a public purpose. *See generally* TEX. EDUC. CODE § 51.212 (authorizing private universities to employ peace officers to enforce state law); TEX. CODE CRIM. PROC. art. 2.13 (providing mandatory duties for every peace officer)....The Legislature also provided that private university peace officers are "vested with all the powers, privileges, and immunities of peace officers." TEX. EDUC. CODE § 51.212(b). This includes the ability to pursue an interlocutory appeal under section 51.014(a)(5).

*Rice*, at 11-12.

Because private university campus police are "officers of the state", the Supreme Court in *Rice* concluded:

> … **the court of appeals should have considered the merits of Officer Spears's appeal**, including whether he was entitled to official immunity, the court of appeals should have decided the merits of Rice University's appeal as well.
>
> The court of appeals had jurisdiction under section 51.014(a)(5) to consider the appeals of both Officer Spears and Rice University.

*Rice*, 2015 Tex. LEXIS at 13 (emphasis added).

Like Rice University, UIW has argued it is entitled to immunity in part because:

> … Cpl. Carter was acting as an on-duty licensed police officer within the express "educational mission" of UIW, he is entitled to

8

immunity. Because Cpl. Carter is entitled to immunity, UIW can have no *respondeat superior* liability.

UIW Brief at 38.

Unlike Rice University, UIW does not only rely on the immunity status of its officer as an "officer of the state," to claim immunity from suit. But rather, UIW demonstrates the special *status and authority* conferred on it by the legislature to create and operate a law enforcement agency, or police department and to commission Texas peace officers makes UIW a "governmental unit" for the purposes of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE § 101.001; *see also* TEX. EDUC. CODE § 51.212.

The Texas Supreme Court's holding in *Rice* establishes private university police officers are indeed "officers of the state." Therefore, UIW employs officers of the State of Texas. In that capacity, UIW is a "governmental unit" for the purposes of the TTCA.

**C. UIW is not a private contractor; private university police departments save state and local governments money; enforcement of State law by a peace officer is conduct "effectively attributed to the government."**

In an opinion issued by the Texas Supreme Court the same day as the *Rice* case, the Court addressed whether a private engineering firm contracting with a governmental unit to design a roadway has governmental immunity – the Court found they do not. In *Brown & Gay Eng'g, Inc. v. Olivares*, 58 Tex. Sup. Ct. J. 678, 2015 Tex. LEXIS 341, 1-2 (Tex. 2015), the Plaintiffs sued Brown & Gay Engineering, Inc.

9

("**Brown & Gay, Inc.**") for negligence in the design of a roadway. Brown & Gay, Inc. is a private engineering firm which contracted with a governmental unit to design and construct off-ramps. *Id*. Brown & Gay, Inc. filed a plea to the jurisdiction seeking the same sovereign-immunity protection that the governmental unit would enjoy had it performed the work itself. *Id*. Specifically, Brown & Gay, Inc. inferred from the Government Code (§495.005), a statute limiting vendors from claiming soverign immunity, that sovereign immunity extends to private entities contracting to perform government functions, unless otherwise provided by statute. *Id*. at 9. The Court reasoned, "The fact that a statute recognizes that private contractors are not entitled to sovereign immunity under certain circumstances does not imply that such entities *are* entitled to immunity in all other situations." *Id*.

UIW does not claim its status and authority arises by contract with a governmental unit, as did Brown & Gay, Inc., but rather UIW's status and authority is created by the Texas Legislature. *See* TEX. EDUC. CODE § 51.212; 37 TEX. ADMIN. CODE 211.16. This fact fully distinguishes this matter from the basis for the ruling in *Brown & Gay*. Regardless, the rational in *Brown & Gay* supports a finding that private university police departments are governmental units.

The Court in *Brown & Gay* declined to extend sovereign immunity to private contractors working under contract for governmental units "when the very rationale for the doctrine provides no support for doing so." 2015 Tex. LEXIS 341, 29. The Court

10

explained sovereign immunity "was designed to guard against the 'unforeseen expenditures' associated with the government's defending lawsuits and paying judgments 'that could hamper government functions' by diverting funds from their allocated purposes." *Id*. at 13 (citations omitted). The Court reasoned, "[i]mmunizing a private contractor in no way furthers this rationale." *Id*.

In contrast, private university police departments are part of the law enforcement network of the State of Texas, with the same authority, obligations, duties, and responsibilities as any other law enforcement agency or police department in the State. *See* TEX. EDUC. CODE § 51.212; 37 TEX. ADMIN. CODE 211.16. Private university police departments have jurisdiction to enforce state, local and municipal law anywhere "within a county in which the institution has land." TEX. EDUC. CODE § 51.212. Further, private university police department officers are "**officer[s] or employee[s] of the state**." *Rice*, 2015 Tex. LEXIS 351 at 11-12. Enforcement of general laws by a peace officer is performance of a "public duty." *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 344 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("If a peace officer is performing a public duty, such as enforcement of general laws, he is acting in the course and scope of his employment as a police officer …").

Therefore, if private university police departments are found not to be governmental units entitled to immunity, private universities will have a disincentive to

create, fund, and operate law enforcement agencies. If private universities do not create their own law enforcement agencies, the time and expense of policing private university campuses will become the responsibility of municipalities such as San Antonio or Alamo Heights, or Bexar County. The expense will be borne by the tax payers, or by other state or local agencies.[3] Accordingly, finding private university police departments to be governmental units furthers the rational of sovereign immunity.

Next, the Court in *Brown & Gay* observed many of the cases where immunity was extended to private contractors involved conduct "effectively attributed to the government." 2015 Tex. LEXIS 341, 18-19. The Court continued: "[t]hat is, the alleged cause of the injury was not the independent action of the contractor, but the action taken by the government *through* the contractor." *Id*. The Court found the Plaintiffs did not complain of harm caused by Brown & Gay, Inc.'s implementation of the governmental unit's specifications or any specific government directions or orders, rather, the Plaintffs complained of Brown & Gay, Inc.'s independent negligence in designing the signs and traffic layouts. *Id*. at 19.

---

[3] The legislative notes to the Education Code provide regarding mutual assistance agreements, "peace officers commissioned by the institution or the applicable municipality serve the public interest by assisting, **without any form of additional compensation or other financial benefit, the officers of the other party** to the agreement in enforcing state or local law, including applicable municipal ordinances." Senate Comm. on Defense Affairs and State-Federal Relations, Bill Analysis, Tex. S.B. 11, 80th Leg., R.S. (2007) (emphasis added).

12

In this case, the UIW Police Departments on-duty peace officer was enforcing state law within his jurisdiction, in accordance with his job and mandate as found in his oath of office to "enforce laws of the state of Texas." The uncontested evidence (and Plaintiffs' pleading) demonstrates Cpl. Carter, while on-duty, personally witnessed a heavily intoxicated Redus driving on a public roadway which bisects UIW, between buildings owned by the University. In this instance, a peace officer has a duty to act. TEX. CRIM. PROC. CODE art. 2.13 ("**It is the duty of every peace officer to preserve the peace within the officer's jurisdiction**."). Therefore, Cpl. Carter was in fact doing the business of the State of Texas. Recognizing Cpl. Carter's commissioning law enforcement agency (UIW) has governmental immunity is wholly consistent with cases where immunity was extended to private contractor conduct that was "effectively attributed to the government." *See Brown & Gay*, 2015 Tex. LEXIS 341, 18-19.

**D.    The various cases cited by Plaintiffs do not support their argument that UIW is not a "governmental unit"**

In this section, UIW responds to specific cases cited by Plaintiffs in support of their arguments UIW is not a governmental unit.

> **1.    *Klein v. Hernandez*: the legal status and authority of the employer results in a finding establishing the immunity of the employee; *Rice University v. Refaey*: legal status and authority of officer *employee* establishes the status and authority of *employer*.**

First, Appellee relied upon *Rice v. Rafaey*, 417 S.W.3d 667, 670-671, which the Supreme Court reversed. Now they claim *Klein v. Hernandez*, 315 S.W. 3d 1 (Tex.

13

2010), supports their argument. It is notable, however, that *Rice* also dissects and distinguishes *Klein* in a manner wholly undermining Plaintiffs' aruments to this Court. Therefore, in this section *Klein* is taken out of the order as it appears in the Response:

In *Klein* the Texas Supreme Court held a private university teaching hospital qualified as a state agency, and therefore its employee qualified as an employee of a state agency. *Klein*, 315 S.W.3d at 5; *see also Rice*, 2015 Tex. LEXIS 351, 11. In this case, it is UIW's position in part (in addition to its arguments regarding its status and authority conveyed by the Education Code and Administrative Code) that because its police department employs licensed peace officers who are "**officer[s] . . . of the state**," with regard to its law enforcement activites, UIW is a "governmental unit." *See Rice*, 2015 Tex. LEXIS 351, 11.

The central question in *Klein* was whether a resident physician, working at a public hospital under an agreement with his private medical school, could take an interlocutory appeal under Texas Civil Practices and Remedies Code Section 51.014(a)(5) – allowing an appeal from an interlocutory order that: "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." TEX. CIV. PRAC. & REM. CODE § 51.014. The Supreme Court in *Rice* distinguished *Klein* susinctly:

14

> In *Klein*, a different statutory scheme enabled a private university teaching hospital to qualify as a state agency, and therefore its employee, the defendant-doctor, qualified as an employee of a state agency for the purpose of determining his liability and obtaining indemnity under Civil Practice and Remedies Code Chapter 104. *Klein*, 315 S.W.3d at 5. Ultimately, *Klein* held: "As an employee of a state agency, complaining about the denial of his motion for summary judgment based on an assertion of immunity, [the defendant-doctor] was entitled to bring this interlocutory appeal like any other state employee . . . ." *Id.* at 8. **This case is distinguishable from *Klein* because no applicable statute treats Rice University or its police force like a state agency**, and hence, no statutory device can make Officer Spears qualify as a state employee under section 51.014(a)(5).

*Rice*, 2015 Tex. LEXIS 351, 8.

This is largely the same point made by Plaintiffs: "In contrast to the Baylor College of Medicine, UIW has no claim to a contract with a state agency, to receiving state funding, or to a statute defining any part of the university as a 'governmental unit.'" Response at 8. However, the Supreme Court in *Rice*, despite finding no specific statutory device expressly stated a private university commissioned officer was an "officer . . . of the state," nonetheless found him to be one as a matter of law based on his status and authority as a commissioned peace officer.

So too in this case, the lack of a statute expressly stating UIW is a "governmental unit" is not dispositive. *Klein* is instructive as it demonstrates the legal status and authority of the *employer* results in a finding establishing the immunity of

15

the *employee*. Conversely, UIW relies on *Rice* because it shows that the legal status

and authority of the officer *employee* likewise affects the *employer*.

In this case, the UIW police department employs and commissions Texas peace

officers who are "**officer[s] . . . of the state**." *See Rice*, 2015 Tex. LEXIS 351, 11.

Therefore, UIW's Police Department is an "**other institution, agency, or organ of**

**government**...." TEX. CIV. PRAC. & REM. CODE § 101.001.

2. ***Critical Air Medicine, Inc. v. Shepard*: Critical Air Inc. did not have any statute conveying any status or authority on the private company; Critical Air Inc. employees were not "<u>officer[s] . . . of the state</u>."**

Also in support of its Response, Appellees' cite *Critical Air Medicine, Inc. v.*

*Shepard*, 2005 Tex. App. LEXIS 10854, 1-2 (Tex. App.—San Antonio 2005, no pet.).

In *Critical Air*, Plaintiffs sued Critical Air Medicine, Inc. ("**Critical Air Inc.**"), a

private company that airlifted the Plaintiff from the scene of an accident to a hospital.

*Id*. Critical Air Inc. filed a plea to the jurisdiction and motion to dismiss, alleging

sovereign immunity because they were "responding to the request of a governmental

agency charged with rescue and transportation, [and] Critical Air acted as an agent …

of the government." *Critical Air*, 2005 Tex. App. LEXIS 10854, 2. In a passage only

partially quoted by the Plaintffs, the Court held:

> It is undisputed that Critical Air is a private corporation and **not** an agency of state government, a political subdivision of the state, or an institution, agency or organ of government **whose status and authority is derived from state law** …. It is also undisputed that

16

> Regan, Herrera, and Bayne **are (or were) individual employees** of Critical Air.

*Critical Air*, 2005 Tex. App. LEXIS 10854, 4 (emphasis added).

Lost on the Plaintiffs is the fact the full quote contains two (2) essential distinctions: Critical Air Inc. could not, and did not attempt to direct the Court to any statute conveying any ***status or authority*** on the private company – it claimed to be an "agent" of the state.

UIW does not claim to be an "agent" of the state. UIW is expressly authorized by the Education Code to create and operate a law enforcement agency or police department and commission Texas peace officers. *See* TEX. EDUC. CODE § 51.212; 37 TEX. ADMIN. CODE § 211.16. Further, unlike Critical Air Inc., UIW's employee and principal actor in this matter, Cpl. Carter **is** a licensed, commissioned Texas peace officer who is as a matter of law an "**officer . . . of the state**." The Critical Air Inc. employees were private individuals. *See Rice*, 2015 Tex. LEXIS 351, 11-12. *Critical Air* does not support Plaintffs' position.

### 3. Other cases cited by Plaintffs fail to support any relevant arguments in this matter.

It is unclear why Plaintiffs cited *Mobil Oil Corp. v. Shores*, 128 S.W.3d 718, 721 (Tex. App.—Fort Worth 2004, no pet.), noting it for the "*same*" proposition of law as *Critical Air*. *See* Response at 6. The Court in *Shores* generally states without any analysis of any argument or facts, "we agree with appellees' contention that we have

17

no jurisdiction to review the probate court's denial of appellants' pleas to the jurisdiction under section 51.014(a)(8)." 128 S.W.3d at 721. To be clear, the Court in *Shores* **did not** "dismiss [an] interlocutory appeal filed under § 51.14(a)(8) by private corporation." *Id*. Rather, the Court of appeals found regardless of the limitations of section 51.014(a)(8), an "[i]nterlocutory appeal is, however, available under former section 15.003(c) of the civil practice and remedies code from a ruling allowing or disallowing joinder of a plaintiff who is unable to independently establish venue." *Id*. It is unclear how this case supports any position taken by the Plaintiffs.

Similary perplexing is the Plaintiffs' reliance on *Cantu Services, Inc. v. United Freedom Associates, Inc*., 329 S.W.3d 58, 64 (Tex. App. — El Paso 2010, no pet.). In *Cantu*, the Court held the trial court's order granting a plea to the jurisdiction failed to dispose of all parties and causes of action, and was therefore interlocutory. *Id*. The Court noted, "As [United Freedom Associates, Inc.] is not a governmental unit, we do not find that any of the statutorily-permitted exceptions in Section 51.014 would permit Cantu's appeal of the trial court's interlocutory order in this case." *Id*. There is no discussion of how, or even whether, United Freedom Associates, Inc. argued it was a "governmental unit." The mere mention of "Section 51.014" in *Cantu* wholly fails to have any relevance to this matter.

**E.     Lawyers and barbers are not officers of the state, they have no duty to preserve the peace, and they do not have to be commissioned or employed by any approved agency to practice.**

18

Plaintiffs offer a series of arguments intended to assert a licensed Texas peace officer commissioned by a private university is not vested with any status or authority that is exceptional or significant. Plaintiffs argue private university police department peace officers are no different than barbers or lawyers because all three (3) have "licenses" issued by the state. Response at 13-14. Further, Plaintiffs point out, barbers and lawyers are regulated by the state. *Id*. Therefore, Plaintiffs reason, "[n]either barbers nor barbershops are turned into a 'governmental unit' by these statutes." *Id*.

It is noteworthy the Supreme Court in *Rice* has directly refuted Plaintffs' analogy. Cpl. Carter, is not merely "licensed" by the state in the same way one obtains a driver's license or even a barber's license. Rather, as detailed in *Rice*, he is vested with powers and duties unique to government. A peace officer commissioned by a private university **is** an "**officer . . . of the state**." *See Rice*, 2015 Tex. LEXIS 351, 11. End of discussion.

Another matter confused by the Plaintiffs is that by merely holding an active Texas peace officers' license issued by TCOLE endows an individual a "peace officer" with authority to enforce state law, or be protected by immunity. Rather, a peace officer must be commissioned by a governmental unit. In the case of private university police department officers, they are not recognized Texas peace officers until they are commissioned by the university. TEX. OCC. CODE § 1701.001 ("(4) "Peace officer" means a person elected, employed, or appointed as a peace officer under Article 2.12,

19

Code of Criminal Procedure, or other law."); TEX. CRIM. PROC. CODE art. 2.12 (Lexis 2013) (Peace officers are: "(8) officers **commissioned** under Section 37.081, Education Code, or Subchapter E, Chapter 51, Education Code"); *see also* TEX. OCC. CODE § 1701.151 (TCOLE has authority to "establish minimum standards relating to competence and reliability, including education, training, physical, mental, and moral standards, for licensing as an officer, county jailer, public security officer, or telecommunicator."). A TECOLE license allows an individual to be then be commissioned as a peace office as provided by Article 2.12, Code of Criminal Procedure, but alone, the license does not make that individual a peace officer.

There are no such limitations on barbers or lawyers. Once licensed, they may put out their own shingle and act independently as solo practitioners. One holding a valid barbers' or lawyer's license does not require a *commission* or employment by any certified agency or department to practice their chosen profession.

The purposes and effects of theses licenses are likewise distinguishable. The purpose of regulating and licensing barbers is for sanitary purposes and protection of the public's health. *Hanzal v. City of San Antonio*, 221 S.W. 237, 238 (Tex. Civ. App.—San Antonio 1920, writ ref'd). The licence is regulatory and does not convey

the authority of the state, or any other authority on the barber.[4]  Barbers' licenses are simply not analogous to peace officers commissions.

Regarding attorneys' licenses, they are issued by the Judiciary and therefore do not meet the definition of "governmental unit."  Furthermore, they do not make all lawyers officers of the state (as a matter of law). "The question as to whether or not he shall be licensed to practice law is for judicial and **not legislative determination**." *Ex parte Williams*, 31 Tex. Crim. 262, 270, 20 S.W. 580, 580 (Tex. Crim. App. 1892) (emphasis added); TEX. GOV'T CODE § 82.021; *compare with* TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109 ("'Governmental unit' means … any other institution, agency, or organ of government the status and authority of which are derived from … **laws passed by the legislature** under the constitution.").  Lawyers in private practice are "**not regarded as public officers**, for their duties appertain only to the courts in which they are authorized to practice." *Ex parte Williams*, 20 S.W. at 581(emphasis added).

Barbers and lawyers by virtue of their licenses have no **duty** "to preserve the peace" within any jurisdiction – indeed, they have no duty to cut hair or practice law. *See* TEX. CRIM. PROC. CODE art. 2.13 (below).  A peace officer, with her commission,

---

[4]     "The state directly, or through any agencies created by it, has the power and authority to use preventive means against such probable contagion, infection, or communication of vile diseases, and it invades no constitutional right of appellants by so doing, nor robs them of equal protection of the laws; nor is the ordinance discriminatory, nor is it a tax, but **merely a regulatory health ordinance to be enforced through the medium of a required inspection and license**." *Hanzal*, 221 S.W. at 239 (emphasis added).

21

takes an oath of office to affirmatively uphold and enforce the laws of the State of Texas.

The Peace Officer's oath of office which is administered by the UIW Chief of Police provides:

> I do solemnly swear that I will support the Constitution of the United States and of the **State of Texas**, and the policies of **the University of the Incarnate Word**, and will well and faithfully perform the duties imposed upon me as a **police officer** of **the University of the Incarnate Word**, to the best of my ability; and that I will serve the United States, the **State of Texas**, and **the University of the Incarnate Word** honestly and faithfully, and will obey the orders of the officers and officials placed over me according to law.

*See* Exhibit A3 (CR 199) (emphasis in original); *see also* TEX. CONST. art. XVI, § 1.

Any comparison between a peace officer's license and that of a barber or lawyer is without merit.

**F.   A private citizen making a citizen's arrest has no duty to do so, and is further not "vested with all the powers, privileges, and immunities of peace officers."**

Plaintiffs state, "any person can enforce a good portion of Texas criminal law without a TCOLE license." Response at 14. Therefore, Plaintiffs argue, "[a]llowing UIW's campus police to enforce state and municipal law in limited circumstances does not turn UIW or its police department into a 'governmental unit.'" *Id*. Plaintiffs confuse the concept that the law allows a citizen certain limited defenses or excuses for fales imprisonment claims, with an officer's affirmative duty to act. Here, Plaintiffs

22

willfully ignore the status, authority and duties vested in peace officers by the State of Texas. Plaintiffs further assert a complete lack of respect for private university commissioned peace officers.

A private citizen making a citizen's arrest has no duty to do so – a citizen's right to make a warrantless arrest is not coequal with a peace officer's duty and obligation to preserve the peace. *See Miles v. State*, 241 S.W.3d 28, 42 (Tex. Crim. App. 2007); *see* TEX. CRIM. PROC. CODE art. 2.13. A private citizen **may** arrest someone without a warrant only when: 1) the offense is committed in his presence, or within his view; and, 2) if the offense is either a felony or an offense against the public peace. TEX. CODE CRIM. PROC. ANN. ART. 14.01(a) (Lexis 2013); *Turner v. State*, 901 S.W.2d 767, 769 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd); *see also Cunningham v. State*, 2004 WL 2803220 (Tex. App.—San Antonio Dec. 8, 2004, no pet.) ("Traffic violations per se do not qualify as a breach of the peace under Texas law and do not justify a citizen's arrest."). However, a peace officer has a duty to act:

> (a) **It is the duty of every peace officer to preserve the peace within the officer's jurisdiction**. To effect this purpose, the officer **shall** use all lawful means.
>
> (b) The officer **shall**:
>
>> (1) in every case authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime;

23

TEX. CRIM. PROC. CODE art. 2.13.

Additionally, under Texas law, a peace officer is qualifiedly immune for his actions while on-duty. *Texas Dept. of Pub. Safety v. Rodriguez*, 344 S.W.3d 483, 488 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("Government officials are entitled to official immunity for (1) the performance of their discretionary duties (2) conducted within the scope of their authority (3) provided they act in good faith."). A private university commissioned peace officer is "vested with all the powers, privileges, and **immunities** of peace officers." TEX. EDUC. CODE § 51.212 (emphasis added). In contrast, a private citizen making a citizen's arrest takes his or her chances with **criminal and civil liability** when taking the law into their own hands.[5]

Accordingly, on-duty peace officers commissioned by private universities do not occupy the same limited status as bystanders making a citizens' arrest.

G.    **Plaintiffs cannot persue negligence claims against a governmental unit arising out of the same facts as an intentional tort.**

Plaintiffs argue in their own characterization of Texas law: "Although a governmental unit is immune from intentional tort claims, an injured party may still

---

[5]    *Miles v. State*, 241 S.W.3d 28, 51 n.33 (Tex. Crim. App. 2007) ("… Article 14.03(e) of the Code of Criminal Procedure expressly provides that the statutory justification of public duty, found in Section 9.21 of the Penal Code, applies to insulate the conduct of peace officers making certain warrantless arrests. *See* TEX. CRIM. PROC. CODE art. 14.03(e); TEX. PEN. CODE § 9.21. I doubt we would be inclined to construe Section 9.21 to similarly insulate the conduct of a private citizen who was speeding, ignoring traffic signals, and otherwise driving recklessly, all in the cause of apprehending a suspect, even if he was authorized by statute to make a citizen's arrest.").

24

pursue a separate negligence claim arising out of the same facts," citing *Young v. City of Dimmitt*, 787 S.W.2d 50, 51 (Tex. 1990). *See* Response at 17. Troublingly, the Plaintiffs wholly failed to cite the Texas Supreme Court opinion in *Texas Dept. of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001), which addresses and expressly limits *Young*, clearly holding Texas law **does not** generally allow negligence claims against a governmental unit:

> Finally, we note that Petta's reliance on *Young v. City of Dimmitt* to support her negligent training claim is misplaced. In *Young*, we disapproved of a court of appeals' statement that an officer's intentional act necessarily precluded a suit for negligence under the Tort Claims Act. In doing so, we simply pointed out that a claim for negligent supervision or training was a distinct cause of action. **Nothing in what we said implied that this distinct cause of action was otherwise excepted from satisfying the Tort Claims Act's tangible personal property requirement. As we stated above, Petta's negligent training claim does not involve tangible personal property. Accordingly, it is not cognizable under the Tort Claims Act.**

*Texas Dept. of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001) (emphasis added).

Plaintiffs further rely on *City of San Augustine, v. Parrish*, 10 S.W.3d 734 (Tex. App.—Tyler 1999, pet. dism'd w.o.j.), a case which bases its opinion on an incorrect reading of *Young*. *Parrish*, 10 S.W.3d 734, 739 ("Even if we were to conclude that the facts alleged in the petition demonstrate that Bailey's conduct constituted an intentional tort, that would not necessarily deprive the trial court of jurisdiction to hear Appellees' claim that the City acted negligently in training and supervising Bailey. *See Young v.*

25

*City of Dimmitt*, 787 S.W.2d 50, 51 (Tex. 1990).").  As demonstrated below, where a governmental unit is immune from a intentional tort claim, an injured party may **<u>not</u>** pursue a separate negligence claim arising out of the same facts.

Plaintiffs attempt to invoke the "tangible personal property" provision of the TTCA to argue they can maintain a suit against a "governmetal unit" as though this provision was not subject to the intentional-tort exception.  TEX. CIV. PRAC. & REM. CODE § 101.057(2).  They claim, because Cpl. Carter used a gun, this case falls within the tangible personal property waiver of immunity.  The TTCA provides:

> A governmental unit in the state is liable for:
>
> (2)    personal injury and death **<u>so caused by a condition or use of tangible personal</u>** or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021.  However, Texas courts have held that the "use" provision in this subsection (2) requires that the use of tangible property be negligent.  *Univ. of Tex. Health Sci. Ctr. at Houston v. DeSoto*, 401 S.W.3d 319, 325 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("A private surgeon would not be held liable for an injury caused by his non-negligent use of non-defective personal property.").

An exception to the TTCA waiver of immunity is the intentional-tort exception: the TTCA waiver does not apply to a claim "arising out of assault, battery, false

26

imprisonment, or any other intentional tort…." TEX. CIV. PRAC. & REM. CODE §
101.057(2) (Lexis 2013); *City of Waco v. Williams*, 209 S.W.3d 216, 221 (Tex. App.—
Waco 2006, pet. denied). Plaintiffs attempt to characterize their pleaded allegations of
an intentional shooting as "negligence" to avoid the TTCA. However, numerous
courts have found this tactic to be ineffective. *Texas Dept. of Pub. Safety v. Petta*, 44
S.W.3d 575, 581 (Tex. 2001) (Holding plaintiff's claim that officer was negligent in
ignoring police procedure did not obviate fact that officer's conduct was intentional;
conduct complained of—officer's hitting car window, aiming gun, blocking car in with
police cruiser, and firing at car's tires—was clearly intentional; despite plaintiff's claim
that injuries were proximately caused by officer's and department's negligence,
plaintiff's allegations fit squarely within section 101.057's exclusion); *Harris Couny,
TX v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.)
(Holding intentional-tort exception applicable to plaintiff's negligence claim that
officer, who had intentionally shot plaintiff during traffic stop, negligently discharged
his pistol and negligently effectuated arrest); *Morgan v. City of Alvin*, 175 S.W.3d 408,
418-19 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (Holding intentional-tort
exception applicable to plaintiff's negligence claim arising out of plaintiff's allegation
that officer negligently instigated a physical confrontation, handcuffing appellant,
dragging him out of laundromat, slamming his head against hood of parked car, and
"smashing his person" to the gravel parking lot); *City of Garland v. Rivera*, 146

S.W.3d 334, 337 (Tex. App.—Dallas 2004, no pet.) (Finding no immunity waiver under intentional-tort exception where plaintiff's father died after use of force during arrest; plaintiff's claim that police negligently used pepper spray, handcuffs, and K-9 unit hinged on intentional, rather than negligent, conduct); *City of Laredo v. Nuno*, 94 S.W.3d 786, 788 (Tex. App.—San Antonio 2002, no pet.) (Despite plaintiff's efforts to phrase claims in terms of officer's negligent failure to properly place plaintiff in police vehicle and negligent indifference of other officers and city, focus of plaintiff's claims against city was officer's intentional tortious acts of using excessive force to arrest plaintiff and to illegally seize car); *Medrano v. City of Pearsall*, 989 S.W.2d 141, 144 (Tex. App.—San Antonio 1999, no pet.) (where focus of claim was on officers' alleged violent and negligent beating of handcuffed driver, intentional-tort exception could not be circumvented merely by alleging negligent hiring, negligent training, and negligent failure to train); *City of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex. App.—San Antonio 1990, writ denied) (plaintiff's claim that officer wrongfully arrested him and negligently applied handcuffs so tightly that they caused discomfort and swelling to wrist arose out of intentional tort).

Accordingly, because UIW is a governmental unit under the TTCA with regard to its police department activities, and Plaintiffs' causes of action arise out of assault, battery, or an intentional tort, Plaintiffs' causes of action against UIW should be

dismissed. Furthermore, because Cpl. Carter is an officer of the state as amatter of law, Plaintiffs' causes of action against him should be dismissed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant UIW respectfully prays the Court to Grant its Plea to the Jurisdiction and Motion to Dismiss, and dismiss all claims and causes of action pleaded by Plaintiffs against UIW and Cpl. Carter and for such other legal and equitable relief to which Appellant may be entitled.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
The Weston Centre
112 East Pecan Street, Suite 2750
San Antonio, TX 78205
(210) 582-0220 - Telephone
210) 582-0231 – Facsimile

By: /s/ *Laurence S. Kurth*
Laurence S. Kurth
State Bar No. 11768450
E-mail – lkurth@bmpllp.com
Matthew F. Wymer
State Bar No. 24005234
E-mail – mwymer@bmpllp.com

**ATTORNEYS FOR DEFENDANT THE UNIVERSITY OF THE INCARNATE WORD**

29

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

1.      Appellant's Reply complies with the type-volume limitation of TEX. R. APP. P. 9.4 because:

> this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman font for the text and 12 point Times New Roman font for the footnotes and contains approximately 7,430 words.

*/s/ Matthew F. Wymer*
Matthew F. Wymer

Dated:  May 12, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the Texas Rules of Civil Procedure this 12th day of May, 2015:

Brent C. Perry
Law Office of Brent C. Perry, PC
800 Commerce Street
Houston, TX 77002
brentperry@brentperrylaw.com

Mason W. Herring
Herring Law Firm
4640 Banning Drive
Houston, TX  77027
mherring@herringlawfirm.com

Jorge Herrera
Herrera Law Firm
111 Soledad, Suite 1900
San Antonio, TX  78205
jherrera@herreralaw.com

Robert A. Valadez
Javier T. Duran
Shelton & Valadez
600 Navarro Street, Suite 500
San Antonio, TX 78205
rvaladez@shelton-valadez.com
jduran@shelton-valadez.com


/s/ *Laurence S. Kurth*
Laurence S. Kurth