**Motion Granted; Dismissed and Opinion filed November 7, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00235-CV

---

## WILLIAM MARSH RICE UNIVERSITY AND GARY SPEARS, Appellants

## V.

## RASHEED RAFAEY, Appellee

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-25730**

---

## O P I N I O N

In this case we consider whether a private educational institution and a peace officer it employs are entitled to challenge by interlocutory appeal the denial of a summary judgment motion based on their affirmative defense of official immunity. The private institution and its peace officer, both named as defendants in a suit brought by a motorist the peace officer detained, bring this interlocutory appeal from the trial court's order denying their motion for summary judgment on their affirmative defense of official immunity. The private institution and the peace

officer assert that this court has appellate jurisdiction under section 51.014(a)(5) of the Texas Civil Practice and Remedies Code. The motorist filed a motion to dismiss the appeal for want of jurisdiction. Because we conclude that section 51.014(a)(5) does not permit immediate appellate review of the trial court's interlocutory summary-judgment order, we grant the motion and dismiss this appeal for lack of jurisdiction.

## I.      Procedural and Factual Background

Appellant/defendant William Marsh Rice University ("Rice") is a private institution for higher education, and appellant/defendant Gary Spears is a police officer employed by the Rice University Police Department. Appellee/plaintiff Rasheed Rafaey sued Rice and Spears (collectively, the "Rice Parties") asserting several claims arising out of an alleged unlawful arrest and detention. The Rice Parties moved for summary judgment, asserting that Rafaey's claims are barred by official immunity. After the trial court denied their motion, the Rice Parties brought this interlocutory appeal pursuant to Texas Civil Practice and Remedies Code section 51.014(a)(5).

## II.      Peace Officers Commissioned by Private Institutions

As a private institution, Rice is authorized to employ and commission peace officers pursuant to the Texas Education Code. *See* Tex. Educ. Code § 51.212(a) (West 2013). The Texas Education Code further provides that peace officers commissioned by private institutions are vested with "all the powers, privileges, and immunities of peace officers," under certain conditions. Tex. Educ. Code § 51.212(b) (West 2013). Specifically, section 51.212, entitled "Peace Officers at Private Institutions," provides:

(a) The governing boards of private institutions of higher education,

including private junior colleges, are authorized to employ and commission peace officers for the purpose of enforcing:

(1) state law on the campuses of private institutions of higher education; and

(2) state and local law, including applicable municipal ordinances, at other locations, as permitted by subsection (b) or section 51.2125 [addressing mutual assistance agreements with law enforcement agencies of large municipalities].

(b) Any officer commissioned under the provisions of this section is vested with all the powers, privileges and immunities of peace officers if the officer:

(1) is on the property under the control and jurisdiction of the respective private institution of higher education or is otherwise performing duties assigned to the officer by the institution, regardless of whether the officer is on property under the control and jurisdiction of the institution, but provided these duties are consistent with the educational mission of the institution and are being performed within a county in which the institution has land; or

(2) to the extent authorized by Section 51.2125, is:

(A) requested by another law enforcement agency to provide assistance in enforcing state or local law, including a municipal ordinance, and is acting in response to that request; or

(B) otherwise assisting another law enforcement agency in enforcing a law described by Paragraph (A).

Tex. Educ. Code § 51.212.

## III.    Jurisdiction over Interlocutory Appeals

Interlocutory orders are not appealable unless explicitly made so by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). At issue in this case is the legislatively created exception to this general rule for officers or employees of the state or a political subdivision of the state. Specifically, section 51.014(a)(5) grants authority for "a person" to appeal an interlocutory order that "denies a

3

motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex. Civ. Prac. & Rem. Code § 51.014(a)(5) (West 2013). Appellate courts must construe section 51.014 of the Texas Civil Practice and Remedies Code to give effect to the Legislature's intent, but they also "strictly construe Section 51.014(a) as a narrow exception to the general rule that only final judgments are appealable." *City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (quotations omitted).

## IV.    Appellee's Motion to Dismiss

Rafaey asserts that we lack jurisdiction over this appeal. It is undisputed that Rice is not the state or a political subdivision of the state, and Rafaey argues that private institutions like Rice are not agencies of government that legislatures or courts have sought to protect by immunity. Rafaey also asserts that Spears is not "an officer of employee of the state or a political subdivision of the state," as is required by section 51.014(a)(5) to permit an interlocutory appeal. Additionally, Rafaey distinguishes official immunity from the Texas Education Code's limited grant of immunity, in certain circumstances, to peace officers commissioned by private institutions.

## V.    Discussion

## A.    Does this court have jurisdiction over Spears's appeal?

We first determine whether Spears has established that he may bring an interlocutory appeal. Under the plain meaning of the section 51.014(a)(5), for this court to have jurisdiction over his appeal, Spears, the individual allegedly asserting immunity, must be an officer or employee of the state or a political subdivision of

the state[1] or he must be entitled to be treated as if he were such an officer or employee for the purposes of section 51.014(a)(5). *See Klein v. Hernandez,* 315 S.W.3d 1, 8 (Tex. 2010); *Young v. Villegas*, 231 S.W.3d 1, 7–8 (Tex. App.— Houston [14th Dist.] 2007, pet. denied). The Rice Parties do not contend that Spears is an officer or employee of the state, and we conclude that he is not such an officer or employee. Instead, the Rice Parties contend that Spears's status as a commissioned peace officer provides a basis for appellate jurisdiction. For this to be so, this status must mean that Spears is entitled to be treated as if he were an officer or employee of the state for the purposes of section 51.014(a)(5). *See Klein,* 315 S.W.3d at 8; *Young*, 231 S.W.3d at 7–8. We presume that Spears is commissioned under the provisions of section 51.212 of the Texas Education Code. *See* Tex. Educ. Code § 51.212. Under section 51.212(b), Spears is vested with all the powers, privileges, and immunities of peace officers under certain circumstances. *See id.* We presume that these circumstances apply in the case under review.

Even under these presumptions, nothing in section 51.212 or any other statute that has been cited to this court provides that all peace officers are entitled to be treated as if they were officers or employees of the state for the purposes of section 51.014(a)(5). The Education Code does not state that peace officers commissioned by a private institution are officers or employees of the state or should be treated as if they were such officers or employees. The term "peace officer" as used in section 51.212 of the Texas Education Code is not defined. The term "peace officer" is defined in other statutes to include peace officers employed by private institutions. *See* Tex. Occ. Code § 1701.001(4) (West 2013); Tex. Code

---

[1] Hereinafter, all references to "the state" include "the state" and "political subdivisions of the state."

5

Crim. Proc. art. 2.12(8) (West 2013); Tex. Penal Code Ann. § 1.07(a)(36) (West 2013). Whether we apply the plain and ordinary meaning of "peace officer" or a technical or particular meaning of this term, we conclude that neither Spears's status as a "peace officer," nor his possession of all the powers, privileges, and immunities of peace officers mandates that he be treated as if he were an officer or employee of the state for the purposes of section 51.014(a)(5) of the Texas Civil Practice and Remedies Code. As support for their right to bring an interlocutory appeal, the Rice Parties cite *Klein v. Hernandez,* 315 S.W.3d 1 (Tex. 2010). The *Klein* court held that, under section 312.007(a) of the Texas Health and Safety Code, a resident physician was to be treated as if he were an officer or employee of the state for the purposes of section 51.014(a)(5) of the Texas Civil Practice and Remedies Code. *See Klein,* 315 S.W.3d at 6–8. But, section 312.007(a) of the Texas Health and Safety Code is not at issue in the case under review, and the statutes regarding peace officers do not provide that peace officers employed by private institutions are to be treated as if they were officers or employees of the state. Therefore, the *Klein* case does not provide support for the Rice Parties' contention that a peace officer commissioned by a private institution is entitled to bring an interlocutory appeal under section 51.014(a)(5).

We also conclude that the Rice Parties' jurisdictional argument is not supported by their citation to *Ramirez v. Fifth Club, Inc*., 144 S.W.3d 574 (Tex. App.—Austin 2004), *aff'd in part, rev'd in part on other grounds*, 196 S.W.3d 788 (Tex. 2006). Although the Third Court of Appeals discussed whether a question on official immunity should have been submitted to the jury where official immunity was pled as an affirmative defense, an interlocutory appeal was not at issue. *See id.* at 580–84. In that case, the jury found the peace officers commissioned by a private college who were working at a private club were

entitled to official immunity for their actions against two of the club patrons. *Id.* at 579.

For the foregoing reasons, we conclude that Spears is not an officer or employee of the state and that he is not entitled to be treated as if he were such an officer or employee for the purposes of section 51.014(a)(5). Therefore, this court lacks jurisdiction over Spears's appeal under section 51.014(a)(5). *See Klein,* 315 S.W.3d at 8; *Young*, 231 S.W.3d at 7–8. *See also Methodist Hosp. of Dallas v. Miller,* 405 S.W.3d 101 (Tex. App.—Dallas 2012, no pet.) (dismissing for lack of appellate jurisdiction appeal in which officers attempted to appeal under section 51.014(a)(5) based on their alleged status as peace officers under section 51.214 of the Texas Education Code). The Rice Parties have not cited and we have not found any other statute providing this court with jurisdiction over Spears's interlocutory appeal. We lack jurisdiction over Spears's appeal.

## B. Does this court have jurisdiction over Rice's appeal?

We next address Rice's ability to bring an interlocutory appeal. This court held in *Coleman* that Rice was not entitled to bring an interlocutory appeal from the denial of its summary-judgment motion based upon the alleged immunity defenses of its peace officers. *See William Marsh Rice Univ. v. Coleman*, 291 S.W.3d 43, 46 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd). In *Koseoglu*, the Supreme Court of Texas provided the following judicial dicta: (1) "there is no other way to read Section 51.014(a)(5) than to conclude that only an 'individual who is an officer or employee of the state or a political subdivision of the state' may appeal an interlocutory order denying a motion for summary judgment" and (2) "the words of Section 51.014(a)(5) offer no indication or suggestion that it applies to any entity other than a state official, the only entity which it describes."

7

*Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843 (Tex. 2007). Under this precedent, Rice may not appeal under section 51.014(a)(5). Furthermore, even absent this precedent, we would still lack jurisdiction under this statute because, as discussed above, the order being appealed does not deny a motion for summary judgment based on an assertion of official immunity by an individual who is an officer or employee of the state or who is entitled to be treated as if he were such an officer or employee. The Rice Parties have not cited, and we have not found, any other statute providing this court with jurisdiction over Rice's interlocutory appeal. We lack jurisdiction over Rice's appeal.

## VI. Conclusion

We hold that the Rice Parties are not authorized to bring an interlocutory appeal from the denial of their motion for summary judgment based on the affirmative defense of official immunity. Accordingly, we grant Rafaey's motion to dismiss and order this appeal dismissed for want of appellate jurisdiction.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.