FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

05/7/2015 12:53:18 AM

KEITH E. HOTTLE
Clerk

# APPENDIX A

# IN THE SUPREME COURT OF TEXAS

══════════
No. 14-0048
══════════

WILLIAM MARSH RICE UNIVERSITY AND GARY SPEARS, PETITIONERS,

v.

RASHEED REFAEY, RESPONDENT

═══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════

### PER CURIAM

The primary issue in this case is whether a private university peace officer is an "officer or employee of the state" that may invoke a court of appeals' interlocutory jurisdiction under Texas Civil Practice and Remedies Code section 51.014(a)(5). In addition, we are asked to consider whether a private university may pursue an interlocutory appeal under section 51.014(a)(5) based on the assertion of immunity by a private university peace officer.

William Marsh Rice University (Rice University) is a private institution of higher education. Rice University operates its own police department, which employed Gary Spears (Officer Spears) as a commissioned peace officer during the relevant time of this case. While on patrol in the early morning of July 23, 2009, Officer Spears observed Rasheed Refaey engaged in what Officer Spears determined to be suspicious activity—kissing a woman while sitting in a vehicle parked across the street from the Rice University campus. Officer Spears approached Refaey's vehicle to investigate.

Refaey drove away. Officer Spears returned to his vehicle and pursued Refaey's vehicle for two miles until Refaey stopped. Officer Spears detained Refaey at gunpoint and arrested him for driving while intoxicated, obstructing a roadway, and evading arrest. The Harris County District Attorney's Office later dismissed all charges against Refaey.

Refaey sued Officer Spears and Rice University (collectively, the defendants) for false imprisonment, negligence, gross negligence, assault, and intentional infliction of emotional distress, alleging that the arrest and detention were unlawful. The defendants moved for summary judgment on the affirmative defense that Officer Spears was entitled to official immunity. The trial court denied the motion, and the defendants filed an interlocutory appeal pursuant to Civil Practice and Remedies Code section 51.014(a)(5). Section 51.014(a)(5) allows a person to appeal an interlocutory order of a district court that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5). The court of appeals dismissed the appeal and held that it lacked jurisdiction because Officer Spears was not an "officer or employee of the state," which foreclosed the defendants' collective ability to pursue an interlocutory appeal. *See* 417 S.W.3d 667, 670–71. The court of appeals did not determine whether Officer Spears was entitled to official immunity. The defendants petitioned this Court for review.

As a threshold inquiry, we first consider whether the Court has jurisdiction over this interlocutory appeal, as such appeals are generally final in the courts of appeals. *See Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010); *see also* TEX. GOV'T CODE § 22.225(b)(3). "[W]e always have jurisdiction to determine whether the court of appeals correctly applied its jurisdiction." *Klein*,

2

315 S.W.3d at 3 (citations omitted). We therefore have jurisdiction to consider whether the court of appeals' dismissal for lack of jurisdiction was proper. *See id.*

Although this case turns on a jurisdictional question regarding Civil Practice and Remedies Code section 51.014(a)(5), the defendants base their argument on Education Code section 51.212. Section 51.212(a) authorizes private institutions of higher education "to employ and commission peace officers for the purpose of enforcing: (1) state law on the campuses of private institutions of higher education; and (2) state and local law, including applicable municipal ordinances, at other locations, as permitted by Subsection (b) or Section 51.2125." Tex. Educ. Code § 51.212(a). Without dispute, Rice University is a private institution of higher education (private university) and its police department employed Officer Spears pursuant to section 51.212. The defendants and amici place significant emphasis on section 51.212's next provision, which vests private university peace officers "with all of the powers, privileges, and immunities of peace officers" in certain circumstances. *Id.* § 51.212(b). These circumstances include when the peace officer is on the private university's property, is performing duties consistent with the private university's educational mission in a county in which the private university owns land, or is assisting with a request from another law enforcement agency. *Id.*[1] Additionally, private university peace officers are required

---

[1] Section 51.212(b) states in full:

Any officer commissioned under the provisions of this section is vested with all the powers, privileges, and immunities of peace officers if the officer:

(1) is on the property under the control and jurisdiction of the respective private institution of higher education or is otherwise performing duties assigned to the officer by the institution, regardless of whether the officer is on property under the control and jurisdiction of the institution, but provided these duties are consistent with the educational mission of the institution and are being performed within a county in which the institution has land; or

3

to "take and file the oath required of peace officers," and to execute and file a bond that is payable to the governor and is "conditioned that the officer will fairly, impartially, and faithfully perform the duties as may be required of the officer by law." *Id.* § 51.212(c); *see also* TEX. CODE CRIM. PROC. art. 2.13 (providing mandatory duties for every peace officer).

According to the defendants, section 51.212 confers private university peace officers with the same privileges and immunities as all other peace officers, including the right to pursue an interlocutory appeal when a trial court denies an assertion of official immunity. They contend that the term "officer," as used in section 51.014(a)(5), includes all peace officers that are licensed by the state and enforce state law for the public's benefit. The defendants also rely on this Court's decision in *Klein* to support their position that "the relevant inquiry in permitting a party to file an interlocutory appeal is not whether the actor was actually employed by the state, but instead whether the Legislature intended to treat the actor the same as a state employee by granting the actor the same type of immunity."

Refaey urges a strict reading of section 51.014(a)(5), which applies only to an "officer or employee" of the state. According to Refaey, Officer Spears was employed by a private university

---

(2) to the extent authorized by Section 51.2125, is:

> (A) requested by another law enforcement agency to provide assistance in enforcing state or local law, including a municipal ordinance, and is acting in response to that request; or

> (B) otherwise assisting another law enforcement agency in enforcing a law described by Paragraph (A).

TEX. EDUC. CODE § 51.212(b). Section 51.2125, which is not implicated in this case, authorizes private universities to enter into mutual assistance agreements to provide law enforcement assistance to the peace officers of a municipality. *See generally id.* § 51.2125.

and was therefore not an employee of the state, nor can he be considered an officer of the state because the term "officer" does not include peace officers in this context. Refaey contends that the Legislature's use of the term "officer" in a statute almost always refers to an elected or appointed official, and all other state actors are merely employees. Thus, a peace officer would never be considered an officer under section 51.014(a)(5) and could only fall within the definition of an employee. Refaey also argues that *Klein* does not apply here because that case involved a completely different statutory scheme that was relevant to determining whether the defendant was an employee of the state.

Despite the Education Code's grant of immunity in certain circumstances, the court of appeals held that "nothing in section 51.212 or any other statute that has been cited to this court provides that all peace officers are entitled to be treated as if they were officers or employees of the state for the purposes of section 51.014(a)(5)." 417 S.W.3d at 670. The court of appeals held that "neither Spears's status as a 'peace officer,' nor his possession of all the powers, privileges, and immunities of peace officers mandates that he be treated as if he were an officer or employee of the state for the purposes of section 51.014(a)(5)." *Id.*

We begin our analysis with *Klein* and agree with Refaey that its reasoning applies to a different set of circumstances from those presented in this case. In *Klein*, a different statutory scheme enabled a private university teaching hospital to qualify as a state agency, and therefore its employee, the defendant-doctor, qualified as an employee of a state agency for the purpose of determining his liability and obtaining indemnity under Civil Practice and Remedies Code Chapter 104. *Klein*, 315 S.W.3d at 5. Ultimately, *Klein* held: "As an employee of a state agency,

complaining about the denial of his motion for summary judgment based on an assertion of immunity, [the defendant-doctor] was entitled to bring this interlocutory appeal like any other state employee . . . ." *Id.* at 8. This case is distinguishable from *Klein* because no applicable statute treats Rice University or its police force like a state agency, and hence, no statutory device can make Officer Spears qualify as a state employee under section 51.014(a)(5). Therefore, the outcome of this case depends on whether Officer Spears can be deemed an "officer" under section 51.014(a)(5).

The parties dispute the meaning of the undefined word "officer" in section 51.014(a)(5). We give undefined words "their common, ordinary meaning unless the statute clearly indicates a different result." *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014) (plurality) (citing *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011)). The defendants cite multiple dictionaries that define an "officer" to include a peace or police officer. Refaey quotes an unspecified edition of Black's Law Dictionary that purportedly defines an "officer" as "the incumbent of an office; one who is lawfully invested with an office. One who is charged by a superior power (and particularly by government) with the power and duty of exercising certain functions." According to Refaey, this Black's-attributed definition is consistent with how "officer" is used in section 51.014(a)(5) and clearly excludes peace officers.

Refaey fails to recognize that this purported Black's definition cuts against his position. Private university peace officers are "lawfully invested with an office" because they are required to take the same oath of office to "faithfully execute the duties of the office of [peace officer] of the State of Texas," as must all other peace officers. *See* TEX. CONST. art. XVI, § 1 (providing the oath of office); TEX. EDUC. CODE § 51.212(c) (requiring private university peace officers to take the

6

oath).  Private university peace officers must also post a bond, TEX. EDUC. CODE § 51.212(c), and be licensed by the same process as all other peace officers,  TEX. OCC. CODE § 1701.301.  They are "charged by a superior power . . . with the power and duty of exercising certain functions" because the Legislature authorized them to enforce Texas laws on private university campuses.  TEX. EDUC. CODE § 51.212(a) (authorizing employment of private university peace officers "for the purpose of enforcing . . . state law on the campuses of private [universities]").  More importantly, a verifiable version of Black's defines an "officer" as "[s]omeone who holds an office of trust, authority, or command."  BLACK'S LAW DICTIONARY 1257 (10th ed. 2014).  This edition of Black's defines an "office" as a "position of duty, trust, or authority, [especially] *one conferred by a governmental authority for a public purpose*."  *Id.* at 1254 (emphasis added).  These verifiable Black's definitions support the conclusion that the common meaning of the phrase "officer . . . of the state" applies to private university peace officers because the Legislature has conferred on them the authority to enforce state law on private university campuses, which serves a public purpose.  *See id.* at 1254, 1257.

Further, several statutory definitions bolster the defendants' contentions as to the Legislature's intended meaning of "officer" in section 51.014(a)(5).  The Occupations Code defines an "officer" as a peace officer, and in turn, a "peace officer" "means a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure."  TEX. OCC. CODE § 1701.001(3), (4).  Article 2.12 states that "[t]he following are peace officers" and provides a list that includes officers commissioned under Chapter 51 of the Education Code.  TEX. CODE CRIM. PROC. art. 2.12(8).  Similarly, the Penal Code defines a "peace officer" as "a person elected,

7

employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, Section 51.212 or 51.214, Education Code, or other law." TEX. PENAL CODE § 1.07(36). Officer Spears was commissioned under Chapter 51 of the Education Code and therefore qualifies as an "officer" under the Occupations Code. While this conclusion does not resolve the issue of whether Officer Spears is an "officer of the state" under the interlocutory appeal statute, it demonstrates that the Legislature considers private university peace officers to be "officers" for certain purposes.

We conclude that the "officer . . . of the state" language in section 51.014(a)(5) applies to private university peace officers. They are charged with enforcing state law on private university campuses and must take an oath of office to "faithfully execute the duties of the office of [peace officer] of the State of Texas." *See* TEX. CONST. art. XVI, § 1; TEX. EDUC. CODE § 51.212(a), (c). The Legislature conferred upon private university peace officers the authority to enforce state law and a duty to preserve the peace, which benefits a public purpose. *See generally* TEX. EDUC. CODE § 51.212 (authorizing private universities to employ peace officers to enforce state law); TEX. CODE CRIM. PROC. art. 2.13 (providing mandatory duties for every peace officer). The common meaning of the word "officer" as "[s]omeone who holds an office of trust, authority, or command" encompasses the Legislature's act of conferring this authority and duty upon private university peace officers for a public purpose. *See* BLACK'S LAW DICTIONARY 1254, 1257 (10th ed. 2014). The Legislature also provided that private university peace officers are "vested with all the powers, privileges, and immunities of peace officers." TEX. EDUC. CODE § 51.212(b). This includes the ability to pursue an interlocutory appeal under section 51.014(a)(5). The court of appeals erred in concluding that it lacked jurisdiction to consider Officer Spears's interlocutory appeal.

8

Further, the defendants contend that the court of appeals erred in concluding that it lacked interlocutory appellate jurisdiction over Rice University's appeal pursuant to section 51.014(a)(5). Again, section 51.014(a)(5) authorizes interlocutory appeals for denials of summary judgment that are "based on an assertion of immunity by an individual." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5). Rice University's assertion of immunity is based on an assertion of immunity by Officer Spears, an individual. We have held that an employer may rely on its employee's assertion of immunity for purposes of invoking interlocutory appellate jurisdiction under section 51.014(a)(5). *City of Beverly Hills v. Guevara*, 904 S.W.2d 655, 656 (Tex. 1995) (per curiam) (relying on the reasoning of *DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 654 (Tex. 1995)). Because the court of appeals should have considered the merits of Officer Spears's appeal, including whether he was entitled to official immunity, the court of appeals should have decided the merits of Rice University's appeal as well.

The court of appeals had jurisdiction under section 51.014(a)(5) to consider the appeals of both Officer Spears and Rice University. It erred in concluding otherwise. Accordingly, we grant the petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and remand this case to the court of appeals for further proceedings consistent with this opinion.

OPINION DELIVERED: April 24, 2015

9