ACCEPTED
04-15-00120-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/10/2015 11:02:59 PM
KEITH HOTTLE
CLERK

## NO. 04-15-00120-CV

**IN THE FOURTH COURT OF APPEALS
AT SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
8/10/2015 11:02:59 PM
KEITH E. HOTTLE
Clerk

**UNIVERSITY OF THE INCARNATE WORD,
Defendant‑‑Appellant
v.**

**VALERIE REDUS, Individually, and ROBERT M. REDUS,
Individually and as Administrator of the Estate of Cameron M. Redus
Plaintiffs—Appellees**

**On appeal from the 150th Judicial District Court
of Bexar County, Texas**

**APPELLEES' REPLY TO UIW'S
SUPPLEMENTAL BRIEF AND
SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS**

Appellees Valerie and Robert M. ("Mickey") Redus file their reply to UIW's Supplemental Brief and Supplemental Response to Motion to Dismiss pursuant to Local Rule 8.3, but will request leave of Court if necessary.

UIW, in its Supplemental Brief, urges this Court to consider recently passed Senate Bill 308 when determining whether UIW is a "governmental unit" for purposes of the Texas Tort Claims Act. The bill, which becomes effective on September 1, 2015, makes a private university's campus police department a "law enforcement agency and a governmental body" for purposes of complying with Tex. Govt. Code § 552, commonly known as the Texas Public Information Act.

This act, as this Court knows, guarantees access to "public information" gathered by a "governmental body," but excepts information held by a "law enforcement agency" that deals with the detection, investigation, or prosecution of crime. See, e.g., Tex. Govt. Code §§ 552.002, 021 and 108.

UIW properly does not consider itself bound by the Senate Bill 308 until it becomes effective next month. When a local television station submitted a request for UIW's Use of Force Policies and Procedures, UIW declined to respond:

> Thank you for your request. As you know the Texas Public Information Act is applicable to a "governmental body" as defined in the Texas Government Code. The Texas legislature has passed a bill making clear that a private university's police department is a "law enforcement agency" and "a governmental body" under the Government Code "only with respect to information relating solely to law enforcement activities" with an effective date of September 1, 2015. This legislation, coupled with the recent Supreme Court ruling in favor of Rice University, clarify that private university police departments authorized and approved by the Texas Commission on Law Enforcement are entitled to the same immunities that public university police departments receive. Therefore, please resubmit your request for consideration on or after September 1, 2015.

Exhibit 1 (Statement from UIW dated June 5, 2015).

UIW's statement is correct as to its duty to comply with the Public Information Act. Beginning in September, the Campus Police Department will have to respond to requests made under the act. The law regarding the "powers, privileges, and immunities" accorded campus police at private universities will not otherwise change. See Tex. Educ. Code § 51.212.

UIW's statement is less correct with regard to the law governing immunity. The Supreme Court established in *William Marsh Rice v. Refaey*, 459 S.W.3d 590,

2

595 (Tex. 2015) that private university police officers are entitled to interlocutory appeals—under Tex. Civ. Prac. & Rem. Code § 51.014(a)(5)—of denials of motions for summary judgment based on an officer's assertion of immunity. At the same time, the Supreme Court confirmed that private universities are not government agencies under § 51.014: "no applicable statute treats Rice University or its police force like a state agency...." *Id.* at 593 (distinguishing the Court's holding in *Klein v. Hernandez,* 315 S.W.3d 1 (Tex.2010)).

Senate Bill 308 may affect how UIW responds to Texas Public Information Act requests after September 1, 2015, but it has no impact on the law applicable to the Reduses' claims, to their Motion to Dismiss this appeal, or to UIW's claim to be a "governmental unit" when Campus Police Officer Christopher Carter shot Cameron Redus on December 6, 2013. Those questions are settled by the law in effect when the underlying suit was filed. See *Robinson v. Crown Cork & Seal Co., Inc.,* 335 S.W.3d 126, 149 (Tex. 2010) (holding that statute passed after suit was filed which limited defendant's liability violated the Texas Constitution prohibition against retroactive laws).

FOR THESE REASONS, appellees Valerie and Robert M. Redus again ask this Court to dismiss this appeal for want of jurisdiction or, in the alternative, deny the plea to the jurisdiction and remand this action to the trial court for further proceedings.

Respectfully submitted,

**BURFORD PERRY, LLP**



_____

BRENT C. PERRY
STATE BAR NO. 15799650
700 LOUISIANA, SUITE 4545
HOUSTON, TX 77002
TEL: (713) 401-9790
FAX: (713) 993-7739
BPERRY@BURFORDPERRY.COM

**HERRING LAW FIRM**

S/MASON W. HERRING
MASON W. HERRING
STATE BAR NO. 24071746
2727 ALLEN PARKWAY
SUITE 1150
HOUSTON, TEXAS 77019
(832) 500-3170 – TELEPHONE
(832) 500-3172 – FACSIMILE
MHERRING@HERRINGLAWFIRM.COM

**THE HERRERA LAW FIRM**

S/JORGE A. HERRERA
FRANK HERRERA, JR.
STATE BAR NO. 09531000
FHERRERA@HERRERALAW.COM
JORGE A. HERRERA
STATE BAR NO. 24044242
JHERRERA@HERRERALAW.COM
111 SOLEDAD, SUITE 1900
SAN ANTONIO, TEXAS 78205
TEL: 210.224.1054
FAX: 210.228.0887

**ATTORNEYS FOR APPELLEES**

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply has been served on the following counsel of record by electronic service in accordance with Tex. R. App. P. 9.5(e), on August 10, 2015.

Laurence S. Kurth
Matthew Wymer
Beirne, Maynard & Parsons, LLP
112 East Pecan St., Suite 2750
San Antonio, TX 78205
**Counsel for Defendant UIW**

Robert A. Valadez
Shelton & Valadez
600 Navarro St., Suite 500
San Antonio, TX 78205
**Counsel for Defendant Christopher Carter**

_____
BRENT C. PERRY

**From:** Public Relations [mailto:pr@uiwtx.edu]
**Sent:** Friday, June 05, 2015 2:35 PM
**To:** Collier, Dillon
**Subject:** RE: Open Records Request

Thank you for your request. As you know the Texas Public Information Act is applicable to a "governmental body" as defined in the Texas Government Code. The Texas legislature has passed a bill making clear that a private university's police department is a "law enforcement agency" and "a governmental body" under the Government Code "only with respect to information relating solely to law enforcement activities" with an effective date of September 1, 2015. This legislation, coupled with the recent Supreme Court ruling in favor of Rice University, clarify that private university police departments authorized and approved by the Texas Commission on Law Enforcement are entitled to the same immunities that public university police departments receive. Therefore, please resubmit your request for consideration on or after September 1, 2015.



**APPELLEES'
EXHIBIT
1**

**From:** Collier, Dillon [mailto:dcollier@kens5.com]
**Sent:** Friday, June 05, 2015 10:29 AM

1

**To:** Public Relations
**Cc:** Del Toro, Debra Y.
**Subject:** Open Records Request

Good day,

This request is made under the Texas Public Information Act, Chapter 552, Texas Government Code which guarantees the public access to information in the custody of governmental agencies.

Please provide Use of Force Policies and Procedures for University of the Incarnate Word's Police Department.

Thanks, Dillon Collier

Dillon Collier
Investigative Reporter
KENS 5
(210) 377-8634 (office)
(210) 838-8815 (cell)
(210) 377-8703 (fax)
(800) 876-2821 KENS Newsroom toll free
dcollier@kens5.com
Twitter: @dilloncollier



**San Antonio, Texas** a Gannett station