ACCEPTED
04-15-00120-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/4/2015 3:23:44 PM
KEITH HOTTLE
CLERK

NO. 04-15-00120-CV

_____

IN THE FOURTH COURT OF APPEALS
OF THE STATE OF TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/4/2015 3:23:44 PM
KEITH E. HOTTLE
Clerk

_____

UNIVERSITY OF THE INCARNATE WORD,
                              Defendant – Appellant,

V.

VALERIE REDUS, ET AL.,
                              Plaintiffs – Appellees.

_____

APPEAL FROM 150TH JUDICIAL DISTRICT COURT
OF BEXAR COUNTY, TEXAS

_____

APPELLANT'S RESPONSE TO
APPELLEES' MOTION TO ISSUE MANDATE

_____

Laurence S. Kurth
State Bar No. 11768450

Matthew F. Wymer
State Bar No. 24005234

BEIRNE, MAYNARD & PARSONS, L.L.P.
112 East Pecan Street, Suite 2750
San Antonio, TX  78205
(210) 582-0220 - Telephone
(210) 582-0231 – Facsimile
E-mail – lkurth@bmpllp.com
E-mail – mwymer@bmpllp.com

Attorneys for Defendant/Appellant
University of the Incarnate Word

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Appellant the University of the Incarnate Word ("**UIW**") and files this Response to Appellees' Opposed Motion to Issue Mandate. In support thereof, UIW would show the Court the following:

## FACTS AND ARGUMENT

Appellees have failed to advise this court of the pertinent fact UIW has conferred with them and informed them it is presently preparing a Petition for Review to the Supreme Court of Texas. UIW will not file a Motion for Rehearing or Motion for *En Banc* Reconsideration in this Court, because this matter has been fully preserved for disposition in the Supreme Court of Texas. UIW does not presently intend to seek an extension of time to file its Petition for Review, unless its efforts and resources are substantially diverted by motions practice or other efforts spurred by the Appellees. *See* TEX. R. APP. P. 53.7(f).

Furthermore, Appellees have wholly failed to meet their burden of demonstrating "good cause" for the issuance of the mandate — indeed, Appellees fail to state any cause whatsoever for why this court should issue the mandate before the "appeal is finally disposed of." *See* TEX. R. APP. P. RULE 18.1(C), 18.6.

A Petition for Review in the Supreme Court of Texas may be filed regardless of whether a motion for rehearing or motion for *en banc* reconsideration is filed. TEX. R. APP. P. 49.9. If neither a motion for rehearing nor a motion for *en*

1

*banc* reconsideration is filed in the court of appeals, UIW's Petition for Review is due 45 days from the August 26, 2015 Opinion of the court of appeals. TEX. R. APP. P. 53.7(a)(1). Therefore, because no motions will be filed in this court of appeals, UIW's Petition for Review will be due in the Supreme Court on October 12, 2015. (The 45th day is on Saturday October 10, so the deadline is the following Monday).

Texas Rule of Appellate Procedure 18.6 provides:

> 18.6 Mandate in Accelerated Appeals. --The appellate court's judgment on an appeal from an interlocutory order takes effect when the mandate is issued. The court may issue the mandate with its judgment **or delay the mandate until the appeal is finally disposed of**. If the mandate is issued, any further proceeding in the trial court must conform to the mandate.

TEX. R. APP. P. 18.6 (emphasis added); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014(b)("An interlocutory appeal under Subsection (a) … stays the commencement of a trial in the trial court **pending resolution of the appeal**.").

This court of appeals did not issue the mandate with its August 26, 2015 Opinion. In view of that, Appellees conferred with the undersigned and requested the parties agree to the issuance of the mandate under Texas Rule of Appellate Procedure 18.1(c). Rather Appellee was informed Appellant opposes issuance of Mandate. Notably, Appellees fail to cite that rule to this court of appeals now, because they cannot show good cause for the issuance of the mandate – Appellees fail in their motion to this court to address their burden.

2

> Agreement to Issue. --The mandate may be issued earlier if the parties so agree, **or for good cause on the motion of a party**.

TEX. R. APP. P. RULE 18.1(C) (emphasis added).

Appellees argue incorrectly that "This Court's judgment substantively ends UIW's interlocutory appeal ….", while simultaneously citing two cases that expressly hold this proposition is incorrect, *William Marsh Rice Univ. v. Refaey*, 459 S.W.3d 590, 592 (Tex. 2015) and *Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010). *See* Motion at 2.

In *Refaey*, the Texas Supreme Court quoting *Klein* held:

> As a threshold inquiry, we first consider whether the Court has jurisdiction over this interlocutory appeal, as such appeals are generally final in the courts of appeals. *See Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010); *see also* TEX. GOV'T CODE § 22.225(b)(3). "[W]e always have jurisdiction to determine whether the court of appeals correctly applied its jurisdiction." *Klein*, 315 S.W.3d at 3 (citations omitted). We therefore have jurisdiction to consider whether the court of appeals' dismissal for lack of jurisdiction was proper. *See id*.

*Refaey*, 459 S.W.3d at 592.

Appellees have failed to satisfy the requirement of good cause required by rule 18.1(c) for the early issuance of the mandate. "An appellate court can issue a mandate earlier than the rules ordinarily prescribe if it has good cause for making its judgment more immediately final and enforceable." *Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 416 (Tex. 2009) (Willett, J., concurring). Here, this Court has no need to make its judgment more immediately final and

3

enforceable. When a party represents to the court of appeals that it intends to file a petition for review in the Supreme Court of Texas, that representation is due mindful consideration and respect. *See City of Cresson v. City of Granbury*, 245 S.W.3d 61, 70 (Tex. App.—Fort Worth 2008, pet. denied). Otherwise, this Court would risk interfering with the jurisdiction of the Texas Supreme Court. *See In re Jerry F.*, 294 S.W.3d 297, 300 n.1 (Tex. App.—Fort Worth 2009, orig. proceeding) (explaining that the court of appeals would not interfere with the jurisdiction of the supreme court by granting relief while petition for review was pending).

Accordingly, Appellees' Motion to Issue the Mandate should be denied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, for these reasons, UIW respectfully requests this honorable court of appeals deny Appellees' Motion to Issue the Mandate, and further prays for such other legal and equitable relief to which Appellant may be entitled.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
The Weston Centre
112 East Pecan Street, Suite 2750
San Antonio, TX 78205
(210) 582-0220 - Telephone
(210) 582-0231 – Facsimile


By:  /s/ *Matthew F. Wymer*
       Laurence S. Kurth
       State Bar No. 11768450
       E-mail – lkurth@bmpllp.com
       Matthew F. Wymer
       State Bar No. 24005234
       E-mail – mwymer@bmpllp.com

**ATTORNEYS FOR RELATOR THE**
**UNIVERSITY OF THE INCARNATE WORD**

**CERTIFICATE OF CONFERENCE**

The undersigned conferred with opposing counsel on September 2, 2015, wherein he stated to opposing counsel:

> We do not agree to the early issuance of the mandate or the commencement of discovery before the final resolution of this appeal. We are presently drafting a Petition for Review to the Texas Supreme Court. We have been quite open about our intention to do this. As you know, CPRC 51.014(b) provides our appeal "stays the commencement of a trial in the trial court pending resolution of the appeal." This appeal will be resolved in the Texas Supreme Court. This question of the status and immunity of a TECOLE established private university police department must be resolved by our highest court before substantial police department resources are expended responding to a suit, which the Court may later dismiss based on these same immunity issues.

/s/ Matthew F. Wymer
Matthew F. Wymer

Dated: September 4, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the Texas Rules of Civil Procedure this 4th day of September, 2015:

Brent C. Perry
Law Office of Brent C. Perry, PC
800 Commerce Street
Houston, Texas 77002
brentperry@brentperrylaw.com

Mason W. Herring
Herring Law Firm
4640 Banning Drive
Houston, Texas 77027
mherring@herringlawfirm.com

Jorge Herrera
Herrera Law Firm
111 Soledad, Suite 1900
San Antonio, Texas 78205
jherrera@herreralaw.com

Robert A. Valadez
Javier T. Duran
Shelton & Valadez
600 Navarro Street, Suite 500
San Antonio, Texas 78205
rvaladez@shelton-valadez.com and jduran@shelton-valadez.com

*/s/ Matthew F. Wymer*
Matthew F. Wymer