

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

March 5, 2025

Ms. Laura Lee Brock, CPA
Clay County Auditor
214 North Main
Henrietta, Texas 76365

**Opinion No. KP-0486**

Re: Whether, using certain grant funds, a county's hiring of an administrative assistant to work in a dual role for the county judge and the prosecuting attorney constitutes a conflict of interest (RQ-0548-KP)

Dear Ms. Brock:

On behalf of the Clay County Commissioners Court, you ask whether a county's hiring of an individual to work in a "dual role" as an administrative assistant for a county judge and a prosecuting attorney constitutes a "conflict of interest or any other matter of concern."[1] You explain that the Clay County Attorney ("County Attorney") proposes to hire, and use certain grant funds to pay,[2] an additional administrative assistant for his office. Request Letter at 1. You tell us the County Attorney wants to hire the Clay County Judge's ("County Judge") administrative assistant to serve in "a dual role for both the County Judge and County Prosecutor."[3] *Id.*

You do not identify a particular law, rule, or policy that may prohibit one person from simultaneously serving as administrative assistant for a county judge and a county attorney, so we address several readily apparent legal issues. We begin by considering the role and duties of a county judge, a county attorney, and an administrative assistant.

---

[1] Letter from Ms. Laura Lee Brock, Clay Cnty. Auditor, to Hon. Ken Paxton, Tex. Att'y Gen. at 1 (June 26, 2024), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0548KP.pdf ("Request Letter").

[2] You reference "SB22 funds." *Id.* In 2023, the Legislature passed Senate Bill 22, which established grant programs to provide financial assistance to qualified sheriff's offices, constable's offices, and prosecutor's offices in rural counties. Act of May 28, 2023, 88th Leg., R.S., ch. 370, § 1, 2023 Tex. Gen. Laws 807–10 (codified at TEX. LOC. GOV'T CODE §§ 130.911–.913). Given the scope of your inquiry, however, we do not address the propriety of using these funds to pay for an administrative assistant position. *See* Request Letter at 1 (disclaiming this question).

[3] We understand your reference to a "County Prosecutor" and "Prosecuting Attorney" to mean the County Attorney. *Id.* (stating the County Attorney wants to hire an administrative assistant "for his office").

**County Judge, County Attorney, and Administrative Assistants**

County judges perform various roles. *See generally* Tex. Att'y Gen. Op. No. KP-0330 (2020) at 2 (discussing several). One such role is to preside over the constitutional county court, performing judicial functions as the law provides. TEX. CONST. art. V, §§ 15–16; *see also* Tex. Att'y Gen. Op. No. KP-0330 (2020) at 2 (explaining some county judges perform judicial functions, while others devote "full attention to the administration of county government").

County attorneys also have various duties under state law. *See, e.g.*, TEX. GOV'T CODE §§ 41.001–.015. The Texas Constitution requires county attorneys to "represent the State in all cases in the District and inferior courts in their respective counties" and directs the Legislature, in counties where there is also a district attorney, to regulate their respective prosecutorial duties. TEX. CONST. art. V, § 21; *see also* TEX. CODE CRIM. PROC. arts. 2.01 (providing that "[e]ach district attorney shall represent the State in all criminal cases in the district courts of his district"), 2.02 (providing that "[t]he county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county").

You neither provide the current nor proposed job description for the administrative assistant positions. We therefore presume these positions refer to an individual who performs secretarial work, consistent with colloquial usage.[4] *See, e.g.*, *Tex. Parks & Wildlife Dep't v. Gallacher*, No. 03-14-00079-CV, 2015 WL 1026473, at *1 (Tex. App.—Austin Mar. 4, 2015, no pet.) (mem. op.) ("Gallacher began employment with TPWD as an administrative assistant requiring her to perform secretarial work."); *Moser v. Davis*, 79 S.W.3d 162, 167 (Tex. App.—Amarillo 2002, no pet.) (stating that administrative assistant is a "politically correct" title for an individual hired as a secretary). State law authorizes both a county judge and a county attorney to employ a secretary but does not define the term or set out the specific duties of such a position. *See* TEX. GOV'T CODE §§ 41.101–.102(a) (authorizing a prosecuting attorney, including a county attorney, to employ a secretary), 55.001(a) (authorizing a county judge to employ a secretary if the commissioners court determines the position is necessary); *see also* TEX. LOC. GOV'T CODE § 151.901 (authorizing the commissioners court to employ and provide compensation for secretarial personnel for a district, county, or precinct officer). The common meaning of the term "secretary" is "one employed to handle correspondence and manage routine and detail work for a superior." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1055 (10th ed. 1993).[5] With those roles and duties in mind, we turn to your question regarding an individual working in a "dual role" as an administrative assistant for a county judge and a prosecuting attorney.

---

[4] You tell us "there is a continuing discussion" about whether the position is exempt or non-exempt but specify you are "not requesting an opinion on the Fair Labor Standards Act." Request Letter at 1. Thus, we do not opine about that issue.

[5] When a word in a statute is undefined, it is generally given its common, ordinary meaning. *See Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018) (stating that courts "typically look first to dictionary definitions" when determining the "common, ordinary meaning" of words not statutorily defined); *William Marsh Rice Univ. v. Refaey*, 459 S.W.3d 590, 593 (Tex. 2015) ("We give undefined words their common, ordinary meaning unless the statute clearly indicates a different result." (quoting *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014) (internal quotations omitted))).

**Article XVI, subsection 40(a) of the Texas Constitution**

The Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a). For purposes of this provision, a "civil office" is a "public office." *See Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. App.—Beaumont 1966, writ ref d n.r.e.) ("We see no difference in the meaning of public office and civil office."); Tex. Att'y Gen. Op. No. KP-0032 (2015) at 1. The Texas Supreme Court explains "that the determining factor that distinguishes one who holds a public 'office' from one who merely holds public employment is whether any sovereign function of the government is conferred upon the individual to be exercised . . . for the benefit of the public largely independent of the control of others." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) (orig. proceeding) (citing *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955)). The Court further observes that an employee who merely discharges clerical duties necessary to carry out the powers of other officers is not a public officer. *See Aldine*, 280 S.W.2d at 583 (observing the tax assessor-collector for a school district "is but an agent or employee of the Board to discharge the clerical duties necessary to carry out the school Board's powers of taxation"). An administrative assistant carrying out secretarial duties to assist a county attorney and a county judge thus holds not a civil office of emolument but, instead, public employment. *Cf.* Tex. Att'y Gen. Op. No. JM-0163 (1984) at 1 (concluding a criminal district attorney's secretary holds an employment position, not a civil office). Article XVI, subsection 40(a) of the Texas Constitution does not, therefore, prevent one person from working in a "dual role" as an administrative assistant for a county judge and a prosecuting attorney.

**The Common-Law Doctrine of Incompatibility**

The incompatibility doctrine prohibits dual public service in cases of self-appointment, self-employment, and conflicting loyalties. Tex. Att'y Gen. Op. No. KP-0474 (2024) at 1. As explained by the Texas Supreme Court, self-appointment incompatibility dictates that "all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint." *Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). Self-employment incompatibility prohibits a person from holding both an office and employment that the office directs or supervises. *See* Tex. Att'y Gen. Op. No. KP-0441 (2023) at 3. Not only is neither administrative assistant position an office, but the positions at issue do not appoint or employ the other. *See supra* p. 2 (setting out the respective authority of a county judge and county attorney to employ a secretary).

The conflicting-loyalties aspect of the doctrine precludes a person "from simultaneously holding two positions that would prevent [the person] from exercising independent and disinterested judgment in either or both positions." Tex. Att'y Gen. Op. No. GA-0169 (2004) at 2; *see Thomas v. Abernathy Cnty. Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (holding the positions of school trustee and municipal alderman as incompatible because "e.g., there might well arise a conflict of discretion or duty in respect" to certain regulatory authority). Conflicting-loyalties incompatibility applies only when both positions are public offices. *See* Tex. Att'y Gen. Op. No. KP-0125 (2017) at 2. Again, because an administrative assistant is not a public officer, conflicting-loyalties incompatibility does not apply. In sum, the incompatibility doctrine does not prevent one person from working in a "dual role" as an administrative assistant for a county judge and a prosecuting attorney.

**Texas Disciplinary Rules of Professional Conduct, Texas Code of Judicial Conduct, and Related Constitutional Consideration**

The Disciplinary Rules of Professional Conduct govern the conduct of attorneys, such as a county attorney. *See generally* TEX. DISCIPLINARY RULES PROF'L CONDUCT, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G., app. A. The dual employment at issue here could implicate the Disciplinary Rules. For example, Rule 3.05(b) generally prohibits a lawyer from "communicat[ing] or caus[ing] another to communicate ex parte with a tribunal for the purpose of influencing that entity or person concerning a pending matter." *Id.* R. 3.05(b); *see also id.* R. 3.05(a) (prohibiting a lawyer from influencing "a tribunal . . . by means prohibited by law or applicable rules of practice or procedure"), R. 1.06 (governing a lawyer's conflict of interest). Rule 5.03(a) also provides that, "[w]ith respect to a nonlawyer employed or retained by or associated with a lawyer[,] . . . a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." *Id.* R. 5.03(a). A comment to Rule 5.03 explains further:

> Each lawyer in a position of authority . . . in a government agency should make reasonable efforts to ensure that the organization has in effect measures giving reasonable assurance that the conduct of nonlawyers employed or retained by or associated with the . . . legal department is compatible with the professional obligations of the lawyer.

*Id.* R. 5.03 cmt. 2.

Judges are also subject to basic ethical standards. *See* TEX. CODE JUD. CONDUCT, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G, app. C. With certain exceptions, a county judge who performs judicial functions is required to comply with the Texas Code of Judicial Conduct ("Judicial Canons"). *Id.* Canon 6B (excepting county judges from Canons 4D(2), 4D(3), 4H, 4F, 4G, 5(3) and "all provisions" of the code when performing duties in the judge's role in the administration of the county); *see also id.* Canon 8B(16) (defining "county judge" to mean the judge of the county court created pursuant to Article V, section 15 of the Texas Constitution). The dual employment at issue here could implicate the Judicial Canons. For instance, Canon 3 prohibits a judge from initiating, permitting, or considering "*ex parte* communications or other communications made to the judge outside the presence of the parties between the judge and a party, [or] an attorney[] . . . concerning the merits of a pending or impending judicial proceeding" and requires the judge to make "court personnel subject to the judge's direction and control" comply with this prohibition. *Id.* Canon 3B(8). A judge should also "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and require court staff and those "subject to the judge's direction and control to observe the same standards of fidelity and diligence that apply to the judge and to refrain from manifesting bias or prejudice in the performance of their official duties." *Id.* Canons 2A, 3C(2).

To the extent the administrative assistant will assist the County Attorney in prosecutorial functions and the County Judge in judicial functions, this dual employment could lead the County Attorney to violate the Disciplinary Rules or the County Judge to violate the Judicial Canons. An

arrangement of this nature could also prompt associated due-process problems. *See, e.g.*, *Ex parte Lewis*, 688 S.W.3d 351, 352 (Tex. Crim. App. 2024) (per curiam) (granting habeas relief because an "undisclosed employment relationship between the trial judge and the prosecutor appearing before him tainted Applicant's trial"); *Ex Parte Young*, No. WR-65,137-05, 2021 WL 4302528, at \*2 (Tex. Crim. App. Sept. 22, 2021) (not designated for publication) (same); *see also, e.g.*, *Wilson v. Midland Cnty.*, 116 F.4th 384, 387 (5th Cir. 2024) (en banc) (reaffirming that a Section 1983 suit cannot proceed without favorable termination of the underlying conviction). Ultimately, however, each of these possibilities turn on fact questions that are beyond the scope of this opinion. *See, e.g.*, Tex. Att'y Gen. Op. No. KP-0441 (2023) at 3–4.

### Local Policies or Regulations

Local policies or regulations may also prohibit dual employment.[6] *See, e.g.*, Tex. Att'y Gen. Op. No. JM-0163 (1984) at 1 ("Where office hours have been legally adopted for county employees, . . . 'full-time' employees may not have other employment during those hours."). Whether that is the case in Clay County is a question that we cannot resolve through the opinion process. *Cf.* Tex. Att'y Gen. LO-94-080 (1994) at 2 (explaining that whether policies or regulations of a governmental institution prohibit dual employment "raises questions of fact").

---

[6] This Office has noted there may also be practical limitations to one person holding two positions. *See, e.g.*, Tex. Att'y Gen. Op. No. KP-0032 (2015) at 2 n.2.

# **S U M M A R Y**

Neither the dual-officeholding prohibition in Article XVI, subsection 40(a) of the Texas Constitution nor the common-law incompatibility doctrine prohibits one person from working in a "dual role" as an administrative assistant for a county judge and a prosecuting attorney.

The question whether the dual employment results in a violation of the Disciplinary Rules of Professional Conduct for attorneys, the Code of Judicial Conduct for judges, Due Process, or a local policy or regulation requires the resolution of fact questions, which is beyond the scope of an Attorney General opinion.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee