**Reversed and Rendered and Opinion filed May 17, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00235-CV

---

## WILLIAM MARSH RICE UNIVERSITY AND GARY SPEARS, Appellants

## V.

## RASHEED REFAEY, Appellee

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2010-25730**

---

### O P I N I O N

A man arrested by a private-university peace officer sued the officer and the university asserting various tort claims based on the allegedly unlawful arrest. The peace officer asserted official immunity. Both the officer and the university moved for summary judgment on that ground. In this interlocutory appeal from the trial court's denial of their motion, we conclude that the peace officer and the university proved their entitlement to summary judgment based on the peace officer's official-immunity defense. Accordingly, we reverse the trial court's order and

render judgment granting the defendants' summary-judgment motion and ordering that the plaintiff take nothing by his claims.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

At all times material to this case, appellant/defendant Gary Spears was a peace officer employed and commissioned by appellant/defendant William Marsh Rice University. On the night in question, Officer Spears was on duty working for Rice University as a police officer.[1] Clad in uniform, he was driving a marked Rice University Police Department sports-utility vehicle, equipped with emergency lights and a siren. At about 2:30 a.m., while on patrol checking the Rice University Bioscience Research Collaborative property near 6500 Main Street, Officer Spears saw two cars, one behind the other, one block from campus. The two cars were stopped in the right-hand lane of a public street that crosses Main Street and part of which is adjacent to Rice University's Bioscience Research Collaborative. This part of the street is a two-way road with two lanes in each direction. There were "No Parking" signs posted along the road. This part of the street is in the Texas Medical Center, and Officer Spears had seen emergency vehicles, at all hours of the day and night, proceed through the Texas Medical Center.

A woman was leaning into the driver's-side window of the second vehicle. Appellee/plaintiff Rasheed Refaey was in the driver's seat of the second vehicle. Both cars had their headlights on and their engines running. Refaey and the woman appeared to be kissing. Officer Spears believed that the vehicles were obstructing the roadway because the lane in which the vehicles were stopped was

---

[1] The facts recited in this section are based on the summary-judgment evidence considered in the light most favorable to appellee/plaintiff Rasheed Refaey under the applicable legal standard. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

impassable. A motorist would not have been able to turn right onto Main Street without having to go into a different lane of traffic. Officer Spears considered Refaey and the woman to be engaging in suspicious activity.

Officer Spears drove around the block and pulled up behind the vehicles. He thought that by doing so, Refaey and the woman would move along and clear the roadway. When he first pulled up behind the vehicles, the woman was still leaning into the driver's-side window, but after about twenty seconds, she noticed Officer Spears, returned to her car, and drove off.

The traffic light facing Refaey's car turned green, but Refaey did not depart. The light turned red, but Refaey did not move his car. After watching for about thirty seconds more, Officer Spears pulled closer to Refaey's car and activated the emergency lights to initiate a traffic stop. Officer Spears left his vehicle to approach Refaey's car, but as Officer Spears began to approach, Refaey drove away and turned left onto Main Street.

Refaey testified that after the woman left, he checked about sixteen emails on a hand-held device in his car, and the Rice University police vehicle was still behind him. According to Refaey, when he drove off, he did not look at the police vehicle in his rearview mirror, and Refaey did not notice whether the police officer had activated the emergency lights.

According to Officer Spears, he returned to his vehicle and began following Refaey using emergency lights and attempting to stop Refaey. Travelling south on Main Street at approximately thirty miles per hour, Refaey evaded Officer Spears's attempts to stop him, continuing to drive for about two miles.

Refaey testified that about three-quarters of a mile into this drive, he knew that the Rice University police vehicle was behind him on Main Street with its

3

emergency lights activated. According to Refaey, about one mile into this drive, he realized that the police officer following him was the same Rice University police officer who had stopped behind him earlier. At that point Refaey noticed that the Rice University police officer was motioning to him to pull over. Nonetheless, Refaey did not pull over; instead, he continued to drive with the police vehicle following behind him. Refaey drove for about one more mile before he turned right and pulled over. Refaey testified that Rice University is a private university with which he had no association and that he had not been on Rice University property, so he did not see how Officer Spears had any reason or right to stop him.

After Refaey finally pulled over, he left his car on his own initiative and walked to the back of the vehicle. According to Refaey, Refaey "threw [his] hands up" and said "What the f*** do you think you're doing pulling me over?" Refaey then saw that Officer Spears had his weapon drawn and pointed at Refaey. When he was confident that Refaey was not armed, Officer Spears holstered his weapon. Refaey argued with Officer Spears for about five minutes. During this time Refaey admitted that he had not stopped his vehicle, despite Officer Spears's attempts to detain him, and Refaey stated that he did not do so because he did not know of any reason Officer Spears had to stop Refaey. During this argument, Officer Spears noticed that Refaey's eyes were red and watery and that he had a strong odor of alcohol on his breath. Refaey stated that he told the officer that the officer did not smell alcohol on his breath and that he said this because, given the amount of alcohol Refaey had consumed, Officer Spears was not in a position to detect alcohol on Refaey's breath.

Officer Spears placed Refaey in handcuffs and arrested him on suspicion of having committed the offenses of evading arrest and driving while intoxicated.

Officer Spears contacted the Harris County District Attorney's Office and relayed the facts. The Harris County District Attorney's Office accepted the charges, and Officer Spears turned Refaey over to the custody of the Harris County Sheriff's Department. Later, all charges against Refaey were dismissed.

Refaey filed this lawsuit against Officer Spears and Rice University, asserting negligence, false-imprisonment, assault, and intentional-infliction-of-emotional-distress claims based on his allegedly unlawful arrest and detention. Officer Spears and Rice University (hereinafter the "Rice Parties") moved for summary judgment based on their affirmative defense of official immunity. The trial court denied the summary-judgment motion, and the Rice Parties appealed under Texas Civil Practice and Remedies Code section 51.014(a)(5). *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(5) (West Supp. 2015).

This court concluded that Officer Spears was not an officer or employee of the state and that he was not entitled to be treated as if he were such an officer or employee for the purposes of section 51.014(a)(5) and thus dismissed the appeal for lack of jurisdiction. *See William Marsh Rice Univ. v. Refaey*, 417 S.W.3d 667, 670–71 (Tex. App.—Houston [14th Dist.] 2013), *rev'd*, 459 S.W.3d 590, 594–95 (Tex. 2015) (per curiam). The Supreme Court of Texas, addressing an issue of first impression in that court, reversed, concluding that private-university peace officers fall within the common meaning of the phrase "officer . . . of the state" in section 51.014(a)(5). *William Marsh Rice Univ. v. Refaey*, 459 S.W.3d 590, 594–95 (Tex. 2015) (per curiam). Adopting a broad reading of the statute, the high court concluded that the common meaning of the word "officer" is "[s]omeone who holds an office of trust, authority, or command." *Id*. at 595 (internal quotations omitted). The Supreme Court of Texas noted that private-university peace officers are charged with enforcing state law on private-university campuses and must take

5

an oath of office to "faithfully execute the duties of the office of [peace officer] of the State of Texas." *Id*. at 594–95 (citations omitted). The high court stated that private-university peace officers have the authority to enforce state law and a duty to preserve the peace, which benefits a public purpose. *Id*. at 595. After concluding that this court had appellate jurisdiction, the high court remanded the case for this court to consider the merits of the Rice Parties' appeal.

## II. ISSUE AND ANALYSIS

Under their first issue, the Rice Parties assert that the trial court erred in denying their motion for traditional summary judgment based on Officer Spears's official immunity. To dispose of this argument, we must determine whether Officer Spears may assert the official-immunity defense, and, if so, whether the summary-judgment evidence conclusively proves that he is entitled to official immunity.

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

**A. Is the private-university peace officer entitled to assert official immunity?**

We first address whether Officer Spears, a private-university peace officer, may assert the official-immunity defense against claims based on allegedly tortious conduct that did not occur on property under the private university's control and jurisdiction. The parties have not cited, and research has not revealed, any Texas case addressing this issue.

Private institutions of higher education, such as Rice University, may employ and commission peace officers for the purpose of enforcing (1) state law on the campuses of the institution, and (2) state and local law, including applicable municipal ordinances, at other locations, as permitted by section 51.212(b) or section 51.2125 of the Texas Education Code.[2] *See* Tex. Educ. Code Ann. § 51.212(a) (West, Westlaw through 2015 R.S.). The applicable version of Texas Education Code section 51.212(b) provides in pertinent part as follows:

> Any officer commissioned under the provisions of this section is vested with all the powers, privileges, and immunities of peace officers if the officer:
>
> (1) is on the property under the control and jurisdiction of the respective private institution of higher education or is otherwise performing duties assigned to the officer by the institution, regardless of whether the officer is on property under the control and jurisdiction of the institution, but provided these duties are consistent with the educational mission of the institution and are being performed within a county in which the institution has land; or

Act of May 28, 2007, 80th Leg., R.S., ch. 258, § 15.01, 2007 Tex. Gen. Laws 367,

---

[2] The summary-judgment evidence does not raise any issue regarding the existence of a mutual assistance agreement under Texas Education Code section 51.2125, so we do not consider that statute in our analysis. *See* Tex. Educ. Code Ann. § 51.2125.

389 (amended 2015) (current version at Tex. Educ. Code § 51.212(b)).[3]  We review de novo the trial court's interpretation of applicable statutes.  *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989).  In construing a statute, our objective is to determine and give effect to the Legislature's intent.  *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000).  If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state.  *Id.*  If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words.  *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997).  We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose.  *See id.*

The summary-judgment evidence proves as a matter of law that at all times relevant to Refaey's claims, Rice University employed Officer Spears as a commissioned peace officer in the Rice University Police Department.  None of Officer Spears's allegedly tortious conduct occurred on property under Rice University's control and jurisdiction.  Therefore, for Officer Spears to be vested with all the powers, privileges, and immunities of a peace officer under Texas Education Code section 51.212(b), (1) Officer Spears must have been performing duties assigned to him by Rice University; (2) these duties must have been consistent with Rice University's educational mission; and (3) these duties must have been performed in a county in which Rice University has land.  *See* Act of

---

[3]  Effective September 1, 2015, the Legislature amended Texas Education Code section 51.212(b)(1) to delete the requirement that the duties be consistent with the educational mission of the institution if the officer is not on the property under the control and jurisdiction of the respective private institution of higher education.  *See* Act of May 19, 2015, 84th Leg., R.S., ch. 300, § 1, 2015 Tex. Sess. Law Serv. 1417, 1417–18 (codified at Tex. Educ. Code § 51.212(b)). This amendment does not apply to Refaey's claims, which accrued before the Legislature amended the statute.

May 28, 2007, 2007 Tex. Gen. Laws at 389.

The summary-judgment evidence proves as a matter of law that when he engaged in the allegedly tortious conduct, Officer Spears was performing duties assigned to him by Rice University and that these duties were performed in Harris County, Texas, a county in which Rice University has land. Refaey argues that Officer Spears's duties were not consistent with Rice University's educational mission. The term "educational mission" is not defined in the statute, and it does not have a technical or particular meaning. Accordingly, we construe this term based on its ordinary meaning. *See City of San Antonio v. Hartman*, 201 S.W.3d 667, 672, n.19 (Tex. 2006).

In the summary-judgment evidence, the Rice Parties submitted copies of Rice University's mission statement and the Rice University Police Department's mission statement. Rice University's mission statement provides as follows:

> As a leading research university with a distinctive commitment to undergraduate education, Rice University aspires to pathbreaking research, unsurpassed teaching, and contributions to the betterment of our world. It seeks to fulfill this mission by cultivating a diverse community of learning and discovery that produces leaders across the spectrum of human endeavor.

The Rice Parties rely in part on the Rice University Police Department's mission statement. Though this statement may reflect the Rice University Police Department's mission, this document does not address Rice University's educational mission.

Refaey argues that Rice University's mission statement says nothing about patrolling public, off-campus streets, investigating the amorous activities of private citizens, or otherwise providing police services to the City of Houston. In this argument, Refaey suggests that the duties of a peace officer employed by a private

9

institution of higher education must be stated in that institution's mission statement for those duties to be "consistent with the educational mission of the institution" under Texas Education Code section 51.212(b)(1). But, this argument conflicts with the unambiguous language of the statute. The statute requires that the duties be "consistent with the educational mission of the institution." Act of May 28, 2007, 2007 Tex. Gen. Laws at 389. The statute does not require that the duties be "consistent with the mission statement of the institution," nor does the statute require that the duties be "listed in the mission statement of the institution." *See id.* Though the institution's mission statement may be relevant to a determination of the institution's educational mission, the mission statement is not a comprehensive definition of that educational mission. A peace officer's duties may be consistent with the institution's educational mission even if those duties are not mentioned in the institution's mission statement.

The Rice Parties submitted a summary-judgment affidavit from their expert witness, Steven G. McGee, the police chief of Texas Christian University's Police Department. McGee reviewed Rice University's mission statement and attached it to his affidavit. McGee testified that when an officer with the Rice University Police Department investigates possible traffic violations the officer is ensuring the health and welfare of the students, faculty, staff, and visitors on campus, which furthers Rice University's educational mission. McGee noted that Refaey's car was stopped across the street from part of the Rice University campus. McGee opined that Officer Spears "acted consistent with the educational mission of Rice University" when he attempted to stop Refaey one block from campus.

Refaey did not submit any summary-judgment evidence as to whether Officer Spears's duties were consistent with Rice University's educational mission. Refaey suggests that McGee is biased because a ruling against Rice University in

10

this case would have a direct impact on the police department of Texas Christian University, a private institution of higher learning. But, a summary judgment may be based on the uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and readily could have been controverted. Tex. R. Civ. P. 166a(c). McGee's testimony was clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and readily could have been controverted. Refaey offered no controverting testimony. Therefore, even if McGee was an interested witness, the trial court was entitled to base its summary judgment on McGee's testimony. *See* Tex. R. Civ. P. 166a(c); *Coterill-Jenkins v. Texas Medical Ass'n Health Care Liability Claim Trust,* 383 S.W.3d 581, 588–89 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

Refaey contends on appeal that, arguably, it is contrary to Rice University's educational mission for the university to take on the duties of policing the City of Houston because the Rice University Police Department has limited personnel and thus cannot protect students on campus if the university's officers are patrolling off campus all over Houston. As stated above, Refaey did not submit any summary-judgment evidence on this issue, and no summary-judgment evidence supports this argument. And, notably, when Officer Spears first saw Refaey's car, Officer Spears was travelling north on Main Street, patrolling a street adjacent to part of the Rice University campus. Refaey's car was one block from the campus. Thus, this case does not present the issue of whether performing duties in a part of Harris County far from any part of the campus would be consistent with the university's educational mission.

To determine whether the summary-judgment evidence proves as a matter of law that Officer Spears's duties were consistent with Rice University's educational

11

mission, we need not and do not delineate specifically Rice University's educational mission or the common meaning of the term "educational mission." After reviewing the summary-judgment evidence under the applicable standard of review, we conclude that the evidence conclusively proves that (1) at the time of his allegedly tortious conduct, Officer Spears was performing duties assigned to him by Rice University; (2) these duties were consistent with Rice University's educational mission; and (3) these duties were performed in a county in which Rice University has land. *See* Act of May 28, 2007, 2007 Tex. Gen. Laws at 389. Therefore, as a matter of law under Texas Education Code section 51.212(b), Officer Spears was vested with all the powers, privileges, and immunities of a peace officer, which includes the ability to assert the affirmative defense of official immunity.[4] *See William Marsh Rice Univ. v. Thomas*, No. 01-14-00908-CV, 2015 WL 3522915, at *3 (Tex. App.—Houston [1st Dist.] June 4, 2015, no pet.) (mem. op.).

## B. Does the summary-judgment evidence conclusively prove each essential element of the official-immunity defense?

To be entitled to summary judgment on the official-immunity defense the summary-judgment evidence must prove conclusively that when Officer Spears engaged in the allegedly tortious conduct (1) he was performing discretionary duties (2) in good faith and (3) within the scope of his authority. *See Telthorster v. Tennell*, 92 S.W.3d 457, 461 (Tex. 2002); *City of Houston v. Newsom*, 858 S.W.2d 14, 17 (Tex. App.—Houston [14th Dist.] 1993, no writ); *Thomas*, WL 3522915, at *4. To establish good faith, the Rice Parties must show that a reasonably prudent

---

[4] Because we determine that Officer Spears was entitled to assert the affirmative defense of official immunity based on the applicable version of Texas Education Code section 51.212(b), we need not and do not address the Rice Parties' arguments that private-university peace officers have a direct right to assert this defense under Texas common law and that other statutes allow Officer Spears to assert this defense.

officer, under the same or similar circumstances, could have believed that Officer Spears's conduct was justified based on the information Officer Spears possessed when the conduct occurred. *See Telthorster*, 92 S.W.3d at 465. The Rice Parties need not prove that it would have been unreasonable not to engage in the conduct, or that all reasonably prudent officers would have engaged in the same conduct. *See id.* Rather, they must prove only that a reasonably prudent officer, under similar circumstances, *might* have reached the same decision. *See id.* That Officer Spears may have been negligent will not defeat good faith; this test of good faith does not inquire into "what a reasonable person *would have done,*" but into "what a reasonable officer *could have believed.*" *Id.* (internal quotations and citations omitted). If the Rice Parties met this burden, then to raise a fact issue, Refaey must have done more than show that a reasonably prudent officer could have reached a different decision. *See id.* Instead, Refaey must have offered evidence that no reasonable officer in Spears's position could have believed that the facts were such that they justified his conduct. *See id.* If officers of reasonable competence could disagree on this issue, then Officer Spears acted in good faith as a matter of law. *See id.*

McGee's affidavit proves that a reasonably prudent officer, under the same or similar circumstances, could have believed that Officer Spears's conduct was justified based on the information Officer Spears had when he engaged in the allegedly tortious conduct. *See id.* at 465–67; *Thomas*, WL 3522915, at *4–6. Refaey argues that his kissing a woman is not suspicious behavior and did not warrant investigation by Officer Spears. But, in his affidavit, McGee states that Refaey was exhibiting suspicious behavior based on the totality of the circumstances, not just because Refaey was kissing a woman. In any event, Refaey did not submit evidence that no reasonable officer in the same position could have believed that the facts were such that they justified the conduct. *See*

13

*Telthorster* at 465–67; *Thomas*, WL 3522915, at \*4–6. Refaey asserts that Officer Spears did not act in good faith because his conduct was negligent, but, under the legal standard, any negligence by the officer does not raise a fact issue as to whether the officer acted in good faith. *See Telthorster* at 465–67; *Thomas*, WL 3522915, at \*4–6.

Refaey argues that Officer Spears was acting outside the scope of his authority because he was not on property under Rice University's control and jurisdiction and his duties were not consistent with Rice University's educational mission. We already have rejected this argument. An officer acts within the scope of the officer's authority if the officer is discharging duties generally assigned to the officer. *See Thomas*, WL 3522915, at \*4–6. The summary-judgment evidence conclusively proves that Officer Spears was discharging the duties assigned to him.

Under the applicable standard of review, the summary-judgment evidence, including the affidavits of Officer Spears and McGee, conclusively proves that when Officer Spears engaged in the allegedly tortious conduct (1) he was performing discretionary duties (2) in good faith and (3) within the scope of his authority. *See Telthorster* at 465–67; *Thomas*, WL 3522915, at \*4–6. Therefore, the trial court erred by not granting summary judgment in favor of Officer Spears as to official immunity. *See Telthorster* at 465–67; *Thomas*, WL 3522915, at \*4–6.

Refaey's claims against Rice University are based solely on the university's alleged vicarious liability for Officer Spears's conduct. If Officer Spears is entitled to summary judgment based on official immunity, then Rice University likewise is entitled to summary judgment based on official immunity. *See DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995); *Thomas*, 2015 WL 3522915, at \*7. Thus, the trial court also erred by not granting summary judgment in favor of Rice University. *See DeWitt*, 904 S.W.2d at 654; *Thomas*, 2015 WL 3522915, at \*7. Accordingly, we sustain the Rice Parties' first issue.

### III. CONCLUSION

As a matter of law, Texas Education Code section 51.212(b) vested Officer Spears with all the powers, privileges, and immunities of a peace officer, which includes the ability to assert the affirmative defense of official immunity. The summary-judgment evidence conclusively proves that when Officer Spears engaged in the allegedly tortious conduct he was performing discretionary duties, in good faith, and within the scope of his authority. Therefore, the trial court erred in denying the Rice Parties' summary-judgment motion. We reverse the trial court's order and render judgment granting the Rice Parties' motion and ordering that Refaey take nothing by his claims against the Rice Parties.

/s/ Kem Thompson Frost
   Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.